<u>Document Filed Electronically</u>

Caroline Rule, Esq. (N.J. Attorney Id. No. 040231989)
(Admitted to Practice in the State of New Jersey,
 & the United States District Court for the District of New Jersey)
Kostelanetz & Fink, LLP
7 World Trade Center
New York, New York 10007
Telephone: (212) 808-8100
   *Attorneys for Defendant the VSHPHH Trust*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
---------------------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Index No.: 18cv15099 |
| ) | (AET-LHG) |
| v. ) | |
| ) | Assigned to Hon. |
| SHANT HOVNANIAN, PETER HOVNANIAN, ) | Anne E. Thompson |
| in his capacity as trustee for the Pachava Asset Trust, ) | |
| NINA HOVNANIAN, both in her individual capacity ) | |
| and as trustee for the VSHPHH Trust, ADELPHIA ) | |
| WATER COMPANY, INC., MTAG SERVICES, LLC, ) | |
| ULYSSES ASSET SUB II, LLC, and TOWNSHIP OF ) | |
| HOWELL, ) | |
| ) | |
| Defendants. ) | |

---------------------------------------------------------------------

## NOTICE OF MOTION TO
## <u>DISMISS COMPLAINT AS TO DEFENDANT THE VSHPHH TRUST</u>

      PLEASE TAKE NOTICE that defendant the VSHPHH Trust, by and

through its attorneys Kostelanetz & Fink, LLP, shall move before the United States

District Court, for the District of New Jersey on the motion day set for March 18,

2019, or as soon after that as counsel may be heard, for an Order, pursuant to

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), dismissing plaintiff's

Complaint as to the VSHPHH Trust with prejudice and without leave to replead.

Defendant the VSHPHH Trust's Memorandum of Law in Support of

its Motion to Dismiss is attached hereto and incorporated herein.  A proposed

Order is also attached hereto.

Defendant the VSHPHH Trust certifies that the matter in controversy

in this action is not the subject of any other action pending in any court, or of any

pending arbitration or administrative proceeding.

Dated:  New York, New York
         February 12, 2019

Respectfully submitted,

s/ Caroline Rule
Caroline Rule (N.J. Attorney Id. No. 040231989)
(Admitted to Practice in the State of New Jersey,
  & the United States District Court
  for the District of New Jersey)
Kostelanetz & Fink, LLP
7 World Trade Center
New York, New York 10007
Telephone: (212) 808-8100
Fax: (212) 808-8108
Email: CRule@kflaw.com

*Attorneys for Defendant the VSHPHH Trust*

Document Filed Electronically

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Motion, Memorandum of Law, and Proposed Order have been electronically filed with the Court's ECF System on February 12, 2019.  As a result, all parties that have entered an appearance in this case have been served via a "Notice of Electronic Filing" generated by the ECF System, as provided in Local Civil Rule 5.2.

Dated:  New York, New York
        February 12, 2019


            Respectfully submitted,


            s/ Caroline Rule
            Caroline Rule (N.J. Attorney Id. No. 040231989)
            (Admitted to Practice in the State of New Jersey,
              & the United States District Court
              for the District of New Jersey)
            Kostelanetz & Fink, LLP
            7 World Trade Center
            New York, New York 10007
            Telephone: (212) 808-8100
            Fax: (212) 808-8108
            Email: CRule@kflaw.com

            *Attorneys for Defendant the VSHPHH Trust*

Document Filed Electronically

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Index No.: 18cv15099 |
| | ) | (AET-LHG) |
| v. | ) | |
| | ) | Assigned to Hon. |
| SHANT HOVNANIAN, PETER HOVNANIAN, | ) | Anne E. Thompson |
| in his capacity as trustee for the Pachava Asset Trust, | ) | |
| NINA HOVNANIAN, both in her individual capacity | ) | |
| and as trustee for the VSHPHH Trust, ADELPHIA | ) | Order |
| WATER COMPANY, INC., MTAG SERVICES, LLC, | ) | |
| ULYSSES ASSET SUB II, LLC, and TOWNSHIP OF | ) | |
| HOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

-----------------------------------------------------------------------

THIS MATTER having been brought before the Court on the motion of defendant the VSHPHH Trust to dismiss the Complaint in its entirety as against the VSHPHH Trust with prejudice and without leave to replead, pursuant to Fed.R.Civ.P. 12(b)(6); and the Court having considered the submissions of the parties in support of and in opposition to the motion, and having heard the arguments of counsel; and for good cause having been shown:

IT IS ON THIS _____ day of _____, 2019,

ORDERED that defendant the VSHPHH Trust's motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) is hereby granted; and, it is further

ORDERED that plaintiff's Complaint is hereby dismissed with prejudice and without leave to replead as against defendant the VSHPHH Trust.


_____

Hon. Anne E. Thompson, U.S.D.J.

<u>Document Filed Electronically</u>

Caroline Rule, Esq. (N.J. Attorney Id. No. 040231989)
(Admitted to Practice in the State of New Jersey,
 & the United States District Court for the District of New Jersey)
Kostelanetz & Fink, LLP
7 World Trade Center
New York, New York 10007
Telephone: (212) 808-8100
　　　*Attorneys for Defendant the VSHPHH Trust*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Index No.: 18cv15099 |
| ) | (AET-LHG) |
| v. ) | |
| ) | Assigned to Hon. |
| SHANT HOVNANIAN, PETER HOVNANIAN, ) | Anne E. Thompson |
| in his capacity as trustee for the Pachava Asset Trust, ) | |
| NINA HOVNANIAN, both in her individual capacity ) | |
| and as trustee for the VSHPHH Trust, ADELPHIA ) | |
| WATER COMPANY, INC., MTAG SERVICES, LLC, ) | |
| ULYSSES ASSET SUB II, LLC, and TOWNSHIP OF ) | |
| HOWELL, ) | |
| ) | |
| Defendants. ) | |

-----------------------------------------------------------------------

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO DEFENDANT THE VSHPHH TRUST**

### (Motion Returnable on March 18, 2019)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................2

THE COMPLAINT........................................................................3

ARGUMENT .............................................................................5

I.  THE ADMISSIONS IN THE COMPLAINT PRECLUDE ANY CLAIM FOR
ALTER EGO LIABILITY....................................................................7

    A.  Plaintiff's Admissions That Shant Did Not Create Or Fund The Trust,
    And Is Not A Beneficiary, Preclude Any Alter Ego Claim ......................7

    B.  Shant's Alleged Payment Of Expenses And Alleged Taking Of The
    Trust's Rental Income Does Not Create Any Ownership Rights ..........13

II.  THE ADMISSIONS IN THE COMPLAINT ALSO PRECLUDE ANY
CLAIM FOR NOMINEE LIABILITY.................................................16

III.  LEAVE TO REPLEAD SHOULD BE DENIED...........................................18

CONCLUSION ..........................................................................21

i

# TABLE OF AUTHORITIES

## CASES

*American Fuel Corp. v. Utah Energy Development Co., Inc.*, 122 F.3d 130 (2d Cir. 1997) ........................................................................7

*Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411 (D.N.J. 2005)..................................................................................................18

*Aschcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................5, 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................5, 6

*Cohen v. United States*, 1998 WL 953979 (C.D.Cal. 1998)...................... 10, 15, 17

*Collins v. E-Magine, LLC*, 291 A.D.2d 350, 739 N.Y.S.2d 15 (1st Dep't 2002) ....................................................................................8

*Diebold v. Commissioner*, T.C. Memo. 2010-238 (Tax Ct. 2010)........................10

*Don Gastineau Equity Trust v. United States*, 687 F.Supp 1422 (C.D. Cal. 1987) ........................................................................................14

*Etex Apparel v. Tractor Intern. Corp.*, 922 N.Y.S.2d 315 (1st Dep't 2011)............................................................................................7

*Fields v. Colgate Palmolive Co.*, 2010 WL 5252537 (D.N.J. 2010).......................18

*Genger v. Genger*, 990 N.Y.S.2d 498, 121 A.D.3d 270 (1st Dep't 2014)............................................................................................8

*Gillum v. Commissioner*, T.C. Memo. 2010-280 (Tax Ct. 2010)............................9

*Hews Co., LLC v. Barnaby*, 2007 WL 2033402 (D.N.H. 2007) ............................13

*In re Raymond*, 529 B.R. 455 (Bkrtcy. D.Mass. 2015) ............................................12

*In re Vebeliunas*, 332 F.3d 85 (2d Cir. 2003).................................. Passim

*Johnson v. Camden County Prosecutors Office*, 2014 WL 116314 (D.N.J. 2014) ..........................................................................................6

*Pickett v. Ocean-Monmouth Legal Services, Inc.*, 2012 WL 1601003
(D.N.J. 2012) ..................................................................................20

*Sovereign Bank v. BJ's Wholesale Club Inc.*, 533 F.3d 162 (3d Cir.
2008) ..................................................................................................6

*United States v. Balice*, 2017 WL 3420918 (D.N.J. 2017) .......................9

*United States v. Everoff*, 270 Fed. Appx. 75 (2d Cir. 2008) ...............8, 9

*United States v. Everoff*, 2012 WL 1514860 (E.D.N.Y 2012) ...............16

*United States v. Greer*, 383 F.Supp.2d 861 (W.D.N.C 2005) ........ Passim

*United States v. Jones*, 2012 WL 569366 (C.D.Cal. 2012) ....................17

*United States v. Kimball*, 2016 WL 3566199 (D.Me. 2016) ...................11

*United States v. Letscher*, 83 F.Supp.2d 367 (S.D.N.Y. 1999) ................9

*United States v. Nassar*, 2014 WL 5822677 (S.D.N.Y. 2014) ...............17

*United States v. Swan*, 467 F.3d 655 (7th Cir. 2006) ............................16

*United States v. Towne*, 406 F.Supp.2d 928 (N.D.Ill. 2005) .................17

*United States v. Washington*, 2011 WL 3902737 (S.D.Tex. 2011).........12

*West Run Student Housing Associates, LLC v. Huntingon Nat. Bank*,
712 F.3d 165 (3d Cir. 2013) ............................................................19

## RULES

Fed. R. Civ. P. 12(b)(6).................................................................. 2, 5, 20

Local Civil Rule 5.2(17) ...........................................................................7

Caroline Rule, Esq. (N.J. Attorney Id. No. 040231989)
(Admitted to Practice in the State of New Jersey,
 & the United States District Court for the District of New Jersey)
Kostelanetz & Fink, LLP
7 World Trade Center
New York, New York 10007
Telephone: (212) 808-8100
  *Attorneys for Defendant the VSHPHH Trust*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|   ) | |
|   Plaintiff,   ) | Index No.: 18cv15099 |
|   ) | (AET-LHG) |
|   v.   ) | |
|   ) | Assigned to Hon. |
| SHANT HOVNANIAN, PETER HOVNANIAN,  ) | Anne E. Thompson |
| in his capacity as trustee for the Pachava Asset Trust, ) | |
| NINA HOVNANIAN, both in her individual capacity ) | |
| and as trustee for the VSHPHH Trust, ADELPHIA ) | |
| WATER COMPANY, INC., MTAG SERVICES, LLC, ) | |
| ULYSSES ASSET SUB II, LLC, and TOWNSHIP OF ) | |
| HOWELL,   ) | |
|   ) | |
|   Defendants.   ) | |

------------------------------------------------------------------

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
### DISMISS COMPLAINT AS TO DEFENDANT THE VSHPHH TRUST

Defendant the VSHPHH Trust, by and through its attorneys

Kostelanetz & Fink, LLP, respectfully submits this memorandum of law in support

of its motion for an Order, pursuant to Federal Rule of Civil Procedure ("Fed. R.

Civ. P.") 12(b)(6), dismissing plaintiff's Complaint (the "Complaint") as to the VSHPHH Trust with prejudice and without leave to replead.

## PRELIMINARY STATEMENT

Plaintiff has tried to collect tax debts against defendant Shant Hovnanian ("Shant"), but apparently has been unsuccessful.

Plaintiff now seeks to collect the tax debt of Shant from third parties, including, *inter alia*, defendant the VSHPHH Trust.  Plaintiff claims the trust is a mere alter ego of Shant, or, alternatively, a mere nominee holding property that in fact belongs to Shant.  These claims are identical to plaintiff's claims against various other third parties.

Plaintiff's Complaint, however, contains four key admissions regarding the VSHPHH Trust, including that: (i) Shant did not create the VSHPHH Trust; instead, plaintiff admits that the trust was created by Shant's parents; (ii) Shant did not contribute the property that is at issue -- the "Village Mall" property -- to the trust; instead, plaintiff admits that the property was contributed to the trust by Shant's parents; (iii) Shant is not a beneficiary of the trust; instead, plaintiff admits that the beneficiaries of the trust are Shant's children, and the children of Shant's sister, Nina Hovnanian ("Nina"); and (iv) although Shant was initially a co-trustee of the trust along with Nina, Shant is no longer a trustee and Nina is now the sole trustee.

These admissions preclude any alter ego or nominee liability on the part of the VSHPHH Trust for Shant's tax debts.

## THE COMPLAINT

The Complaint alleges that defendant Shant owes over $16 million in tax, penalties and interest to the Internal Revenue Service ("IRS") in connection with tax liabilities for the tax years 2002-2004, and 2007.  (Complaint, ¶ 14.) According to the Complaint, these tax liabilities were assessed at various points during the calendar years 2008, 2010, and 2013.  (*Id.*)

The entirety of plaintiff's alter ego and nominee claims against the VSHPHH Trust are predicated on the following seven paragraphs in the Complaint:

> 29. Shant Hovnanian's parents settled the VSHPHH Trust on December 28, 2012.  Defendant Shant Hovnanian and his sister, Defendant Nina Hovnanian, were named as cotrustees. Shant's and Nina's children are the beneficiaries of the VSHPHH Trust.[1]
>
> 30. Defendant Nina Hovnanian recently represented to the IRS that Shant Hovnanian is no longer a trustee of the VSHPHH Trust. Thus, Nina Hovnanian is the only trustee, and Shant Hovnanian has no formal role with the VSHPHH Trust. He has

---

[1]  Although Nina is listed as a defendant, the only claim against Nina in her personal capacity is that she "may" claim an ownership interest in a certain parcel of property that has nothing to do with the allegations regarding the trust. (Complaint, ¶¶ 9, 40.)  Although the Complaint also lists Nina as a defendant in her capacity as trustee of the VSHPHH Trust, it does not allege any conduct on her part in that capacity.

not [*sic*] right to take income from the VSHPHH Trust and no obligation to pay the Trust's expenses.

31. On January 1, 2015, Shant Hovanian's [*sic*] parents transferred ownership of the Village Mall property, which is commonly known as 1 Dag Hammarskjold Boulevard, Freehold, New Jersey (Block 143, Lot 25.04) to the VSHPHH Trust. The Village Mall property is an office building with several rented units.

32. The transfer to the VSHPHH Trust, rather than to Shant Hovnanian directly, was an attempt to avoid encumbering the property with the federal tax liens, which attached to all of Shant Hovnanian's property and rights to property.

33. Shant Hovnanian enjoys the benefit of ownership of the property. He receives the rental income from this property through a company under his control.

34. Shant Hovnanian also carries the burden of ownership. He has paid municipal taxes and utility bills associated with the Village Mall property from bank accounts under his control.

35. Shant Hovnanian has attempted to hide his ownership of the Village Mall property. Even after the transfer from his parents to the VSHPHH Trust, Shant Hovnanian had the tenants make rent payments payable to his father (their previous landlord) through January of 2017. Shant Hovnanian's father, however, died on August 31, 2015. These checks were deposited in the bank account of a company under Shant Hovnanian's control, HovSat, Inc. In February of 2017, Shant Hovnanian instructed the tenants to pay rent directly to HovSat, Inc.

Based on these allegations, plaintiff asks the Court to "decree that Defendant VSHPHH Trust is the nominee of Shant Hovnanian, and thus Shant Hovnanian is the true and equitable owner of the Village Mall property." (Complaint, p. 7.)

Although the Complaint summarily alleges that "HovSat, Inc." is a "company under Shant Hovnanian's control," (Complaint, ¶ 35), HovSat, Inc. is not a party named in the Complaint, nor are there any specific factual allegations that purport to establish why plaintiff believes that HovSat, Inc. is a company under Shant Hovnanian's control.  Notwithstanding this conclusory allegation and plaintiff's failure to join HovSat, Inc. as a party, as discussed in greater detail below, it makes no difference to this motion to dismiss.

While the Complaint also alleges that Shant represented to an IRS official that Shant resided at the Village Mall property, according to plaintiff this is simply incorrect, and Shant could not be deemed to reside at that property because the Village Mall property consists an office building that is not zoned for residential use.  (*See* Complaint ¶ 26.)  As such, this allegation likewise has no bearing on this motion to dismiss.

## <u>ARGUMENT</u>

Following the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007), it is now well recognized that even though a court must accept the plaintiff's factual allegations as true when considering a Rule 12(b)(6) motion to dismiss, in order to survive such a motion the complaint must proffer "*sufficient factual matter* that allows the court to draw the reasonable inference," not only that the plaintiff

suffered a cognizable harm, but that "*the defendant is liable* for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added).  Mere "formulaic recitation[s] of the elements of a cause of action" will not satisfy this standard. *Id.*, at 678.  Nor is the "sheer possibility" that plaintiff has pled an actionable claim sufficient. *Id.,* at 679; *see also Twombly*, *supra*, 550 U.S. at 557 (bare conclusory assertions lacking any "further factual enhancement" do not satisfy the federal pleading standard).

It is also well recognized that admissions in a complaint are binding upon a plaintiff, even where they result in the dismissal of the complaint.  *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3rd Cir. 2008)(allegation in amended complaint was "a binding judicial admission" that allowed dismissal of claim based on admitted facts); *Johnson v. Camden County Prosecutors Office*, 2014 WL 116314, at *3 (D.N.J. 2014)(recognizing that a "plaintiff can plead himself out of court by alleging facts which show that he has no claim," because "[a]llegations in a complaint or relied upon in a complaint are binding admissions . . . and admissions can of course admit the admitter to the exit from the federal courthouse").

Here, the admissions in the Complaint are fatal to plaintiff's alter ego and nominee claims against the VSHPHH Trust.

## POINT ONE

### THE ADMISSIONS IN THE COMPLAINT
### PRECLUDE ANY CLAIM FOR ALTER EGO LIABILITY

**A.    Plaintiff's Admissions That Shant Did Not Create Or Fund The Trust, And Is Not A Beneficiary, Preclude Any Alter Ego Claim**

The trust agreement for the VSHPHH Trust provides that it is governed by the laws of the State of New York.  (*See* Exhibit A, ¶ 11 (copy of Trust Agreement for the VSHPHH Trust, which was previously supplied to the IRS).)[2]  Thus, New York law governs in determining plaintiff's alter ego claim. *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003)("the question whether the 'alter ego theory' of piercing applies to trusts is a matter of state law").

Under New York law, in order to establish a claim for alter ego liability a plaintiff must show both (1) that "the owner exercised complete domination over the [entity at issue] with respect to the transaction at issue," and (2) that "such domination was used to commit a fraud or wrong" that resulted in plaintiff's "injury."  *American Fuel Corp. v. Utah Energy Development Co., Inc.*, 122 F.3d 130, 134 (2d Cir. 1997).  This is recognized as creating a "heavy burden" that is not easily met. *See Etex Apparel v Tractor Intern. Corp.*, 922 N.Y.S.2d 315,

---

[2] The Trust Agreement attached hereto as Exhibit A is redacted pursuant to Local Civil Rule 5.2(17).  A reference list will be filed under seal with the Court.

316 (1st Dep't 2011)(New York courts recognize that there is a "heavy burden" to be met to "establish an alter ego relationship"); *Collins v E-Magine, LLC*, 291 A.D.2d 350, 351, 739 N.Y.S.2d 15, 17 (1st Dep't 2002)(same).

      With respect to an alter ego claim against a trust, the burden is even higher. A plaintiff must show that the trust was "formed for an illegal purpose" – i.e., the creator of the trust formed it in order to commit fraud or conceal assets. *See Genger v Genger*, 990 N.Y.S.2d 498, 505, 121 A.D.3d 270 (1st Dep't 2014)(dismissing claim that trust was a mere alter ego, reasoning that "[t]here is no authority for applying, by analogy, a theory of 'piercing the corporate veil' to disregard the form of a trust when the trust was not formed for an illegal purpose and there is the requisite separation between beneficiary and trustee"); *see also In re Vebeliunas*, *supra*, 332 F.3d at 91 ("The appellees identify cases in which New York State courts have preserved the right to pierce trusts. However, those cases are distinguishable, as all involved allegations that the respective parties used trusts to conceal assets or engaged in fraudulent conveyances to shield funds from adverse judgments").

      Nonetheless, in tax collection cases courts will routinely permit alter ego claims against a trust in those instances where a taxpayer creates the trust after his tax obligations arise, and transfers his assets to the trust in order to prevent the IRS from collecting against those assets. *See, e.g., United States v. Everoff*, 270

Fed. Appx. 75, 77 (2d Cir. 2008)(alter ego liability proper where taxpayer created trust and contributed property at issue to the trust at or around time that tax liabilities arose); *United States v. Balice*, 2017 WL 3420918, at *1 (D.N.J. 2017)(same); *United States v. Letscher*, 83 F.Supp.2d 367, 373 (S.D.N.Y. 1999)(same).

This makes sense, since the trust in such a circumstance is just a sham mechanism established by the taxpayer to try to hide his pre-existing assets from the reach of the IRS. *See Evseroff*, *supra*, 270 Fed.Appx. at 77 (alter ego liability against trust proper in such circumstance because taxpayer used his control of trust "to commit a fraud or other wrong resulting in an unjust loss or injury" to the IRS); *In re Vebeliunas*, *supra*, 332 F.3d at 91 (noting that successful alter ego claims against trusts in federal tax cases "involve allegations that the trusts at issue were used to conceal or to shield assets owned by the taxpayer"); *Gillum v. Commissioner*, T.C. Memo. 2010-280, at *3 (Tax Ct. 2010)(noting that alter ego liability in federal tax cases "generally involves a sham corporation or other entity used by the taxpayer as an instrumentality to avoid his or her own legal obligations").

But where the taxpayer (or other debtor) did not create the trust at issue and did not transfer his assets to the trust, it is well established that any alter ego claim against the trust must fail. *See In re Vebeliunas*, *supra*, 332 F.3d at 90

(rejecting alter ego claim against trust under NY law, where debtor's wife created trust at issue and debtor's wife funded trust with her own inheritance); *United States v. Greer*, 383 F.Supp.2d 861, 867–68 (W.D.N.C. 2005)(rejecting IRS's alter ego claim against trust where trust was created and funded by taxpayer's mother); *Cohen v. United States*, 1998 WL 953979 (C.D.Cal. 1998)(rejecting IRS's alter ego claim against trust where testamentary trust was created by taxpayer's father); *Diebold v. Commissioner*, T.C. Memo. 2010-238, at *8 (Tax Ct. 2010)(rejecting IRS's alter ego claim regarding trust where taxpayer did not form the trust).

Here, plaintiff admits in the Complaint that Shant did not create the VSHPHH Trust (his parents did), did not transfer to the trust the asset that is at issue, i.e., the Village Mall property (it was contributed to the trust by his parents), and is not a beneficiary of the trust (the parents named all of their grandchildren as the beneficiaries of the trust, which further reflects its bona fides).  (Complaint, ¶¶ 29 and 31.)  These admissions preclude any claim of alter ego liability under New York law, because they establish that the trust was not created or owned by Shant, since he is neither a settlor nor a beneficiary of the trust.  The admissions also establish that Shant did not form the trust for an illegal purpose (since he did not form it at all), and the trust was not used to commit a fraud against the IRS, since the property transferred into it (the Village Mall property) did not belong to Shant (it was contributed to the trust by his parents – the very people who established the

trust for the benefit of their grandchildren), and thus was not an asset that Shant already owned but was trying to conceal.[3]  Given the foregoing, there is no basis for alter ego liability against the trust. *See In re Vebeliunas*, *supra*, 332 F.3d at 90 (under NY law, alter ego claim against trust was inappropriate because there was no allegation that "Trust was used to conceal assets from creditors," and no allegation that property contributed to trust was part of a "fraudulent conveyance").

The decision in *United States v. Greer*, 383 F.Supp.2d 861, 867–68 (W.D.N.C. 2005) is instructive.  There, the IRS sued both a taxpayer and a trust of which the taxpayer was a beneficiary and trustee.  The IRS claimed that the trust was a mere alter ego of the taxpayer, and that the IRS was therefore entitled to look to the assets of the trust to satisfy the taxpayer's outstanding tax liability.  The court rejected that claim, and held that the trust could not be deemed the taxpayer's alter ego because the trust was formed by the mother of the taxpayer, and the mother contributed the assets at issue to the trust:

> The Court has also determined infra that the *Defendant's mother*, not the Defendant, *was the true owner of the 20-acre*

---

[3]  Being a co-trustee of the trust did not make Shant an owner.  *See United States v. Kimball*, 2016 WL 3566199, at *6 (D.Me. 2016)(rejecting IRS argument that taxpayer's status as trustee established that trust was his alter ego, reasoning "it is 'standard common-law doctrine' that a trustee holds a 'nonbeneficial' ownership and that it is the beneficiaries of the trust who hold beneficial interests or equitable title while the trustee ordinarily 'holds 'bare' legal title.'").  In any event, plaintiff has also admitted that Shant is no longer a co-trustee; his sister Nina is now the sole trustee.  (Complaint ¶ 30.)

> *tract at all times prior to creating the Trust and conveying the property to the Trust. This fact distinguishes this case from other cases in which a trust has been disregarded under an alter ego theory....* The Court believes this distinction is important with regard to whether the Defendant's control over the Trust is being used to commit fraud or some other wrong. Here, *Mr. Greer never owned title to the 20 acres*, except as an agent of his mother, *and therefore, has not used the Trust as a shield for his own assets.*

*Id.*, at 867–68 (emphasis added).[4]  The court in *Greer* stated further that it:

> has been *unable to find*, and the United States has not put forth, *any case from within this Circuit or any other, where an otherwise valid trust, created by and funded with the property or assets of someone other than the taxpayer, has been declared the alter ego of the taxpayer* simply on behalf of the control exerted over the trust by the taxpayer in his position as a trustee and/or beneficiary.  *In fact, those cases the Court has been able to find with facts analogous to the case here have reached the opposite result.*

*Id.*, at 868 (emphasis added).  There is no reason for the Court in this case to reach

a conclusion different from that in *Greer*.[5]

---

[4]  Although *Greer* involved the application of North Carolina alter ego law, the test for alter ego liability under North Carolina law is identical to that under New York law: (1) complete "control" with "respect to the transaction attacked," and (2) that "control must have been used by the defendant to commit fraud or wrong" that resulted in the plaintiff's injuries.  *Greer*, *supra*, 383 F.Supp.2d at 867.

[5]  In addition to the foregoing, the fact that Shant is neither a beneficiary nor a trustee of the trust are additional independent grounds for denying plaintiff's alter ego claim.  *See In re Raymond*, 529 B.R. 455, 469 (Bkrtcy. D.Mass. 2015)(dismissing alter ego claim against trust created by debtor for benefit of his children, citing *inter alia* to fact that debtor was "neither a trustee nor beneficiary and thus held neither legal nor equitable title to the trust property"); *see also United States v. Washington*, 2011 WL 3902737, at *18 (S.D.Tex. 2011)(finding

Simply put, there is no basis in the law for plaintiff's alter ego claim against the VSHPHH Trust.

### B. Shant's Alleged Payment Of Expenses And Alleged Taking Of The Trust's Rental Income Does Not Create Any Ownership Rights

Notwithstanding its admissions (and their consequences), plaintiff argues that the VSHPHH Trust is a mere alter ego of Shant because Shant has allegedly paid some of the expenses of the Village Mall property, and has allegedly directed some of the tenants of that property to make their rent payments to bank accounts under Shant's control, conduct that, according to plaintiff, establishes that the Village Mall property is owned by Shant because it demonstrates that he has both the "burdens" and "benefits" of ownership.  (Complaint ¶¶ 33-35.)

Even assuming these allegations are true for purposes of this motion, these alleged actions by Shant do not serve to create an ownership interest that does not otherwise exist.  *See*, *e.g.*, *Hews Co., LLC, supra,* 2007 WL 2033402, at *1–2 (fact that debtor "paid some trust expenses . . . on a trust where his children

---

that even though trust was created by taxpayer, it was not his alter ego, because, inter alia beneficiaries of trust were taxpayer's children); *Hews Co., LLC v. Barnaby*, 2007 WL 2033402, at *1 (D.N.H. 2007)(even though trust was formed by debtor and debtor paid some trust expenses with personal funds, court found trust was not a "sham," because debtor's children were the only beneficiaries of the trust).

were beneficiaries does not suggest that the trust was, or is, a sham," and did not create ownership interest in trust or its underlying properties).

The only reason why bill payments may be important in an alter ego or nominee case involving a trust is because they may bolster other evidence establishing that the property that previously belonged to the taxpayer still belongs to that same taxpayer -- i.e. he never truly relinquished it notwithstanding the fact that he placed it into a trust. *See*, *e.g.*, *Don Gastineau Equity Trust v. United States*, 687 F. Supp 1422, 1425 (C.D.Cal. 1987)(taxpayer's payment of property taxes and other bills with respect to real property was significant to alter ego claim because taxpayer created trust and contributed property at issue to the trust, and court found that the bill payments reflected that taxpayer still "*retained* the complete, unrestricted beneficial use of the real property" that he previously owned, while purporting to "shield" property from IRS via the trust)(emphasis added).

There is, however, no reason to ascribe significance to such bill payments when, as is the case here, the taxpayer or debtor (here Shant) did not create the trust, did not contribute the property at issue to the trust, and is not a beneficiary of the trust. *See In re Vebeliunas*, *supra*, 332 F.3d at 93 (where debtor's wife created trust at issue and debtor's wife funded trust with her own inheritance, court rejected alter ego claim predicated in part on debtor's payment of

expenses, since such payments "do not evidence a transfer in ownership"); *Greer*, *supra*, 383 F.Supp.2d at 867 (where trust was created and funded by taxpayer's mother, court rejected alter ego and nominee claims predicated in part on allegation that taxpayer-trustee paid "the Trust's property taxes" because such conduct did not create ownership interest in property that was not contributed by the taxpayer); *cf. Cohen*, *supra*, 1998 WL 953979, at *8 (where taxpayer-trustee did not create trust or contribute properties at issue to trust, court rejected alter ego and nominee claims based in part on allegation that taxpayer commingled his own income with monies held in the trust's bank account, reasoning that such conduct did not create ownership interest in the properties held by the trust).

Nor does Shant's alleged taking of rental income belonging to the trust establish an ownership interest, either in the trust or in the Village Mall property. *See Cohen, supra,* 1998 WL 953979, at *8 (rejecting alter ego and nominee claims predicated in part on the taxpayer-trustee taking income belonging to trust for his own personal use; court reasoned that the taxpayer's "treatment of the Trust as his personal bank account and his disregard of certain Trust formalities constitutes a failure to maintain an arm's length relationship, but that failure did not transfer title to the Trust's major assets" to the taxpayer, since at most such conduct constitutes "fiduciary breaches" that "do not convert the principal of the Trust to [the taxpayer's] personal property"); *see also Greer*, *supra*, 383 F.Supp.2d

at 868–69 (rejecting alter ego and nominee claims predicated in part on allegation that taxpayer-trustee disbursed trust income to himself in contravention of provisions of trust; court reasoned that "failure to abide by the terms of a trust by a trustee does not render the trust invalid," and that instead "the trustee would be in breach of his fiduciary duty and liable for damages caused by the breach").

## POINT TWO

### THE ADMISSIONS IN THE COMPLAINT
### ALSO PRECLUDE ANY CLAIM FOR NOMINEE LIABILITY

While they are closely related, the key difference between nominee liability and alter ego liability is that "the nominee theory focuses on the taxpayer's control over and benefit from the property while the alter ego theory emphasizes the taxpayer's control over the entity that holds the property." *See United States v. Evseroff*, 2012 WL 1514860, at *10 (E.D.N.Y. 2012).

Thus, the focus in nominee liability cases is on the taxpayer transferring property that he owns to another party or entity to hold for him on his behalf, while the taxpayer continues to fully enjoy all of the benefits of the property as if he had never transferred it. As one federal Court of Appeals has put it: "Suppose a person who wants to evade taxes parks his property with a friend or family member. That would be a fraudulent conveyance, and so the person to whom the property was conveyed would be deemed the taxpayer's 'nominee' and forced to cough it up." *United States v. Swan*, 467 F.3d 655, 658 (7th Cir. 2006);

Page 16 of 21

*see also United States v. Nassar*, 2014 WL 5822677, at *5 (S.D.N.Y. 2014)(key to nominee liability is "whether *a taxpayer* has engaged in a sort of legal fiction, for federal tax purposes, by *placing legal title to property in the hands of another* while, in actuality, retaining all or some of the benefits of being the true owner")(emphasis added); *United States v. Jones*, 2012 WL 569366, at *9 (C.D.Cal. 2012)(same).

If the taxpayer did not contribute the property at issue to the purported third party nominee, then there can be no claim for nominee liability. *See United States v. Towne*, 406 F.Supp.2d 928, 937 (N.D.Ill. 2005)(rejecting IRS claim of nominee liability, reasoning that the "[t]he key to the Court's analysis under the Government's nominee theory is whether the transferor had control over the Property," and "[h]ere, the transferor is . . . not the [Taxpayers]").

Here, there can be no claim of nominee liability, because plaintiff admits that the taxpayer (Shant) did not transfer the property at issue to the purported nominee (the VSHPHH Trust). (Complaint ¶¶ 29 and 31.) Instead, it was the taxpayer's parents who contributed the property to the trust that they themselves had created (*id.*). *See Greer, supra*, 383 F.Supp.2d at 867 (no nominee or alter ego liability for trust under these circumstances); *Cohen, supra*, 1998 WL 953979, at *8 (same).

Finally, as previously discussed, allegations that Shant paid the expenses or taxes on the Village Mall property, and/or took rent payments from the property and deposited them into accounts under his control, are irrelevant, since such conduct does not establish any ownership rights on the part of Shant in the Village Mall property, and therefore cannot establish nominee liability.  (*See* Point I.B, *supra*.)

## POINT THREE

## LEAVE TO REPLEAD SHOULD BE DENIED

Plaintiff should be denied leave to replead, since any amendment would be futile given the admissions plaintiff has already made.  *See* Points I and II, *supra*.

In addition, plaintiff should not be permitted to make an amendment that would blatantly contradict the admissions in its Complaint.  *See Fields v. Colgate Palmolive Co.*, 2010 WL 5252537, at *5 (D.N.J. 2010)(recognizing that "attempts to amend Plaintiff's Complaint would be futile," because "Plaintiff cannot contradict the admissions Plaintiff made" in the complaint); *cf. Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411, 421 (D.N.J. 2005)("Where the motion to amend does not demonstrate that the prior answers were the product of mistake, typographical error, or neglect, leave to retract that which was admitted, following dispositive motion practice, may be prejudicial to the opposing

party, as it is in this case, by forcing Plaintiffs to prove facts that were previously admitted. . . .  this Court will not allow such amendment").

While recent Third Circuit precedent has relaxed this rule where the prior admissions in the original complaint were due to a mistake on plaintiff's part, in such circumstances the trial court should convert the motion to dismiss into a motion for summary judgment and require the plaintiff to provide evidence justifying the amendments that contradict the prior admissions. *See West Run Student Housing Associates, LLC v. Huntington Nat. Bank*, 712 F.3d 165, 173 (3rd Cir. 2013)(recognizing that amended pleading may contradict admission in original pleading if admission was product of mistake, but requiring district court to convert motion to dismiss into motion for summary judgement, and plaintiff to "provide evidence" showing why fact allegation in amended complaint should be allowed to contradict prior admission).

Here, any amendment by plaintiff that contradicted the admissions in the Complaint would also contradict basic foundational documents previously supplied by the VSHPHH Trust to the IRS.  Thus, plaintiff's admission in the Complaint that the VSHPHH Trust was formed by the parents of Shant on December 28, 2012 is confirmed by the trust agreement for the VSHPHH Trust (attached here as Exhibit A.)  Plaintiff's admission that the children of Shant and Nina are the beneficiaries of the VSHPHH Trust is also confirmed by the trust

agreement, as those children are the only named beneficiaries of the trust.  (*Id.*)
Also confirmed by that document is plaintiff's admission that both Nina and Shant
were originally co-trustees.  (*Id.*)  Plaintiff's admission that the Village Mall
property was contributed by the parents of Shant to the VSHPHH Trust on January
1, 2015 is confirmed by copies of deeds that the trust previously supplied to the
IRS.  (Copies of those deeds are attached hereto as Exhibit B.)  In fact, the deeds
for the Village Mall property also confirm that the property was bought in 1973 by
the parents of Nina and Shant – when Shant would have been just fourteen (14)
years old.  (*Id.*)  Those deeds also confirm that Shant was never in the chain of title
for the Village Mall property.  (*Id.*)

Thus, any proposed amendment by plaintiff that contradicted these
facts would lack a good faith basis and should be rejected, as it would be in
contravention of direct documentary evidence regarding the formation of the trust
and the history of the property – matters at the heart of any alter ego or nominee
claim that might possibly be asserted by plaintiff.  *See Pickett v. Ocean-Monmouth
Legal Services, Inc.*, 2012 WL 1601003, at *4 (D.N.J. 2012)(dismissing amended
complaint that contradicted grievance letter and arbitrator's award, reasoning that
even though Rule 12(b)(6) requires a court to "accept as true" well-pleaded facts in
a complaint, court cannot "turn a blind eye to the facts as shown in documents"
that  "directly contradict the conclusory allegations in the complaint").

## **CONCLUSION**

For the foregoing reasons, plaintiff's Complaint should be dismissed

with prejudice as against defendant the VSHPHH Trust, without leave to replead.

Dated:  New York, New York
        February 12, 2019

Respectfully submitted,


s/ Caroline Rule
Caroline Rule (N.J. Attorney Id. No. 040231989)
(Admitted to Practice in the State of New Jersey,
  & the United States District Court
  for the District of New Jersey)
Kostelanetz & Fink, LLP
7 World Trade Center
New York, New York 10007
Telephone: (212) 808-8100
Fax: (212) 808-8108
Email: CRule@kflaw.com

*Attorneys for Defendant the VSHPHH Trust*


Of Counsel:
Usman Mohammad