Caroline Rule, Esq. (N.J. Attorney Id. No. 040231989)
(Admitted to Practice in the State of New Jersey,
 & the United States District Court for the District of New Jersey)
Kostelanetz & Fink, LLP
7 World Trade Center
New York, New York 10007
Telephone: (212) 808-8100
    *Attorneys for Defendant the VSHPHH Trust*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | Index No.: 18cv15099 |
| ) | (AET-LHG) |
|     v. ) | |
| ) | Assigned to Hon. |
| SHANT HOVNANIAN, et. al. ) | Anne E. Thompson |
| ) | |
|     Defendants. ) | |

---

## **ANSWER OF DEFENDANT THE VSHPHH TRUST**

    Defendant the VSHPHH Trust, by its attorneys, Kostelanetz & Fink, LLP, as and for its Answer to the Complaint, dated October 18, 2018 (the "Complaint"), hereby alleges as follows:

    1. Paragraph 1 of the Complaint states conclusions of law, as to which no responsive pleading is required.

    2. Paragraph 2 of the Complaint states conclusions of law, as to which no responsive pleading is required.

    3. Paragraph 3 of the Complaint speaks for itself.

4. States that the allegations contained in Paragraph 4 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

5. States that the allegations contained in Paragraph 5 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies that Peter Hovnanian is the trustee of the Pachava Asset Trust, but admits that the Pachava Asset Trust holds legal title to the property known as 520 Navesink River Road, Middletown Township, New Jersey.

6. States that the allegations contained in Paragraph 6 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

7. Admits the allegations in Paragraph 7 of the Complaint.

8. States that the allegations contained in Paragraph 8 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

9. States that the allegations contained in Paragraph 9 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies said allegations.

10. States that the allegations contained in Paragraph 10 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

11. States that the allegations contained in Paragraph 11 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

12. Paragraph 12 of the Complaint states conclusions of law, as to which no responsive pleading is required.

13. Repeats and realleges its responses to each and every allegation incorporated by reference in Paragraph 13 of the Complaint.

14. States that the allegations contained in Paragraph 14 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

15. States that the allegations contained in Paragraph 15 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

16. States that the allegations contained in Paragraph 16 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

17. States that the allegations contained in Paragraph 17 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

18. Repeats and realleges its responses to each and every allegation incorporated by reference in Paragraph 18 of the Complaint.

19. States that the allegations contained in Paragraph 19 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust admits that Shant Hovnanian's mother, Paris Hovnanian, transferred the property known as 520 Navesink River Road, Middletown Township to the Pachava Asset Trust, f/k/a the Shant S. Hovnanian

Asset Trust, on June 21, 2011.  The VSHPHH Trust respectfully refers the Court to the deed of transfer for its terms.

20.  States that the allegations contained in Paragraph 20 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust admits that on October 11, 2011 the Shant S. Hovnanian Asset Trust was re-named the Pachava Asset Trust pursuant to an amended trust agreement, further admits that a "corrective deed" was filed on December 16, 2011 by that trust, and respectfully refers the Court to those documents for their terms.

21.  States that the allegations contained in Paragraph 21 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust denies said allegations.

22.  States that the allegations contained in Paragraph 22 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust admits that the Pachava Asset Trust holds legal title to the property known as 520 Navesink River Road, Middletown Township, but denies the remainder.

23.  States that the allegations contained in Paragraph 23 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust denies said allegations.

24. States that the allegations contained in Paragraph 24 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust denies said allegations.

25. States that the allegations contained in Paragraph 25 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

26. States that the allegations contained in Paragraph 26 of the Complaint are directed to parties other than the VSHPHH Trust, and further, that the paragraph asserts legal conclusions as to which no response is required.  The VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of any allegations regarding representations or conduct on the part of Shant Hovnanian.

27. States that the allegations contained in Paragraph 27 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust denies said allegations.

28. Repeats and realleges its responses to each and every allegation incorporated by reference in Paragraph 28 of the Complaint.

29. Admits the allegations in Paragraph 29 of the Complaint.

30. Admits that Shant Hovnanian is no longer a trustee of the VSHPHH Trust. States that the remainder of Paragraph 30 of the Complaint states conclusions of law, as to which no responsive pleading is required.

31. Admits the allegations in Paragraph 31 of the Complaint.

32. Denies the allegations in Paragraph 32 of the Complaint.

33. Denies the allegations in Paragraph 33 of the Complaint.

34. Denies the allegations in Paragraph 34 of the Complaint.

35. Denies the allegations in Paragraph 35 of the Complaint, but admits that Shant Hovnanian's father, Vahak Hovnanian, died on August 31, 2015.

36. Repeats and realleges its responses to each and every allegation incorporated by reference in Paragraph 36 of the Complaint.

37. States that the allegations contained in Paragraph 37 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

38. States that the allegations contained in Paragraph 38 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

39. States that the allegations contained in Paragraph 39 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

40. States that the allegations contained in Paragraph 40 of the Complaint are directed to parties other than the VSHPHH Trust, and further, that said paragraph states conclusions of law as to which no responsive pleading is required.

41. States that the allegations contained in Paragraph 41 of the Complaint are directed to parties other than the VSHPHH Trust, and further, that said paragraph states conclusions of law as to which no responsive pleading is required.

42. States that the allegations contained in Paragraph 42 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

43. Repeats and realleges its responses to each and every allegation incorporated by reference in Paragraph 43 of the Complaint.

44. States that the allegations contained in Paragraph 44 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a

response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

45. States that the allegations contained in Paragraph 45 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

46. Denies the allegations contained in Paragraph 46 of the Complaint as it pertains to the VSHPHH Trust.

47. States that the allegations contained in Paragraph 47 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

48. States that the allegations contained in Paragraph 48 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. States that the allegations contained in Paragraph 50 of the Complaint are directed to parties other than the VSHPHH Trust. To the extent

response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

51. States that the allegations contained in Paragraph 51 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

52. States that the allegations contained in Paragraph 52 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust denies knowledge or information sufficient to form a belief as to the truth of said allegations.

53. States that the allegations contained in Paragraph 53 of the Complaint are directed to parties other than the VSHPHH Trust.  To the extent a response is required, the VSHPHH Trust denies said allegations.

## FIRST AFFIRMATIVE DEFENSE

54. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

Dated: New York, New York
April 1, 2019

Respectfully submitted,

s/ Caroline Rule
Caroline Rule (N.J. Attorney Id. No. 040231989)
(Admitted to Practice in the State of New Jersey,
 & the United States District Court
 for the District of New Jersey)
Kostelanetz & Fink, LLP
7 World Trade Center
New York, New York 10007
Telephone: (212) 808-8100
Fax: (212) 808-8108
Email: CRule@kflaw.com

*Attorneys for Defendant the VSHPHH Trust*

Of Counsel:
Usman Mohammad

<u>Document Filed Electronically</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Answer has been electronically filed with the Court's ECF System on April 1, 2019.  As a result, all parties that have entered an appearance in this case have been served via a "Notice of Electronic Filing" generated by the ECF System, as provided in Local Civil Rule 5.2.

Dated:  New York, New York
       April 1, 2019

Respectfully submitted,

s/ Caroline Rule
Caroline Rule (N.J. Attorney Id. No. 040231989)
(Admitted to Practice in the State of New Jersey,
  & the United States District Court
  for the District of New Jersey)
Kostelanetz & Fink, LLP
7 World Trade Center
New York, New York 10007
Telephone: (212) 808-8100
Fax: (212) 808-8108
Email: CRule@kflaw.com

*Attorneys for Defendants the VSHPHH Trust
and the Pachava Asset Trust*