**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES of AMERICA, | |
| Plaintiff, | Civ. No. 18-15099 |
| v. | |
| SHANT HOVNANIAN, PETER HOVNANIAN, in his capacity as trustee for the Pachava Asset Trust, NINA HOVNANIAN, both in her individual capacity and as trustee for the VSHPHH Trust, ADELPHIA WATER COMPANY, INC., MTAG SERVICES, LLC, ULYSSA ASSET SUB II, LLC, and TOWNSHIP OF HOWELL, | **OPINION** |
| Defendants. | |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion for an Order Declaring Defendants Shant Hovnanian and Adelphia Water Company, Inc. Served brought by Plaintiff United States of America (the "Government"). (ECF No. 26.) Neither Defendant Shant Hovnanian nor Defendant Adelphia Water Company, Inc. ("Adelphia") has filed an opposition. The Court has decided the Motion based on the Government's written submission and without oral argument, pursuant to Local Rule 78.1(b). For the reasons stated herein, the Government's Motion is granted.

1

**BACKGROUND**

In this action, the Government assesses that Defendant Hovnanian owes $16,209,389.00 in income tax, penalties, and interest associated with tax years 2002, 2003, 2004, and 2007. (Compl. ¶¶ 14–17, ECF No. 1.) The Government seeks to attribute three pieces of real property to Defendant Hovnanian: 520 Navesink River Road, Middletown Township, New Jersey (Block 1043, Lot 67.02) (the "Navesink Property"); 1 Dag Hammarskjold Boulevard, Freehold, New Jersey (Block 143, Lot 25.04) (the "Village Mall Property"); and 572 Wyckoff Mills Road, Howell Township, New Jersey (Block 143, Lot 26.01) (the "Adelphia Property"). (*Id.* ¶¶ 18–42.) The Government alleges not that Defendant Hovnanian is the owner of these properties on paper, but that he is the true and equitable owner of them. As a result, the Government seeks to attach federal tax liens to and foreclose on these pieces of real property in order to satisfy Defendant Hovnanian's income tax liability. (*Id.* ¶¶ 18–35, 43–49.)

**I. Procedural History**

On October 18, 2018, the Government filed this action against Defendants Hovnanian; Adelphia; Nina Hovnanian,[1] as trustee for the VSHPHH Trust and the Pachava Asset Trust; MTAG Services, LLC; Ulysses Asset Sub II, LLC; and Township of Howell. Defendant Township of Howell answered the Complaint on November 19, 2018 (ECF No. 7); Defendant MTAG Services, LLC answered on December 10, 2018 (ECF No. 9); and Defendant Ulysses

---

[1] The Government originally brought this action against Peter Hovnanian in his capacity as trustee for the Pachava Trust, but the parties stipulated that Nina Hovnanian should be substituted for Peter Hovnanian as trustee. (*See* Stipulation ¶ 5, Ex. D, ECF No. 18-1.) The Government also originally brought this action against Nina Hovnanian in her individual capacity, but the parties stipulated to dismiss that claim. (*See id.* ¶¶ 1–2.) As a result, the Court dismissed Peter Hovnanian, in his capacity as trustee for the Pachava Trust, and Nina Hovnanian, in her individual capacity only, on March 18, 2019. (*See* Order at 1, ECF No. 25.)

Asset Sub II, LLC answered on December 28, 2018 (ECF No. 10). Defendants VSHPHH Trust and Pachava Asset Trust moved to dismiss on February 12, 2019. (ECF Nos. 17–18.) The Court denied those motions on March 18, 2019 (Order at 2) and, as a result, VSHPHH Trust and Pachava Asset Trust answered the Complaint on April 1, 2019 (ECF Nos. 27–28).

To date, Defendants Hovnanian and Adelphia have neither entered an appearance nor responded to the Complaint in any way. The Government has been unable to personally serve either of them. In support of the instant Motion, the Government offers two sworn declarations to support its efforts to effect service: one from Michael MacGillivray, an officer of the Internal Revenue Service (MacGillivray Decl. ¶ 1, ECF No. 26-2); and the other from Ari D. Kunofsky, a trial attorney with the U.S. Department of Justice (Kunofsky Decl. ¶ 1, ECF No. 26-4).

## II.     Locations of Defendants

### A.     *Defendant Hovnanian*

According to the Government's pre-suit investigation, Defendant Hovnanian resided at the Navesink Property. (MacGillivray Decl. ¶ 4.) When Officer MacGillivray visited the Navesink Property in October 2016, Defendant Hovnanian opened the door to greet him. (*Id.*) Additionally, Officer MacGillivray checked with the U.S. Postal Service, which confirmed that it delivered mail to Defendant Hovnanian at that address. (*Id.* ¶¶ 4, 16.)

Although Defendant represented in the past that he resided at the Village Mall Property, the Government had reason to believe that this was not true. Sometime in 2016, Defendant Hovnanian said to Officer MacGillivray that he was residing at the Village Mall Property, but that property is not zoned for residential use. (*Id.* ¶ 3.) The Government believes that Defendant Hovnanian used the Village Mall Property for several of his businesses, including Defendant

Adelphia. (*Id.*) The Government has performed a public records search and is unaware of any other addresses for Defendant Hovnanian. (*See id.* ¶ 17; Kunofsky Decl. ¶ 13.)

B.  *Defendant Adelphia*

Defendant Adelphia's "business address" is located at the Village Mall Property, and its "property address" is located at the Adelphia Property. (MacGillivray Decl. ¶ 3; Kunofsky Decl. ¶ 10.) The Government believes that Defendant Hovnanian is the general manager of Defendant Adelphia. (*See* Kunofsky Decl. ¶ 9 (basing belief on Defendant Adelphia's response to interrogatory in separate state-court litigation); Resp. to Interrog. No. 1, Ex. D, ECF No. 26-7.) The Government has performed a public records search and is unaware of any other addresses for Defendant Adelphia. (*See* Kunofsky Decl. ¶ 13.)

III.  **The Government's Attempts at Service**

The Government has attempted to serve Defendants Hovnanian and Adelphia on numerous occasions by two different methods: personal service and service by mail.

A.  *Personal Service*

1.  <u>By Officer MacGillivray</u>

Officer MacGillivray attempted to effect service on Defendant Hovnanian, in his individual capacity and on behalf of Defendant Adelphia, on six different days. On November 9, 2018, he visited the Village Mall Property but Defendant Hovnanian was not there, so Officer MacGillivray left a copy of the summons and complaint with Karen Gandolfo, Defendant Hovnanian's secretary. (MacGillivray Decl. ¶ 6.) Officer MacGillivray also attempted to effect service two more times that day at the Navesink Property, but no one answered the door. (*Id.* ¶ 7.)

4

On November 16, 2018, Officer MacGillivray visited the Navesink Property twice, once in the morning and once in the afternoon. (*Id.* ¶ 8.) No one answered the door. (*Id.*) However, between the morning and the afternoon visits, Officer MacGillivray noticed that a planter had been moved, indicating that someone had been there. (*Id.*)

On November 21, 2018, Officer MacGillivray visited the Navesink Property on two occasions. (*Id.* ¶ 9.) Ms. Gandolfo, who was seen at the Village Mall Property earlier in the month, was at the property, but she refused to open the door. (*Id.*) Officer MacGillivray taped a copy of the summons and complaint, in an envelope, to the front door. (*Id.*) On November 27, 2018, Officer MacGillivray noticed that the envelope he had taped to the front door was gone. (*Id.* ¶ 10.) He attempted service at the Navesink Property again the next day but was not successful. (*Id.* ¶ 11.)

On December 7, 2018, Ms. Gandolfo arrived at the Navesink Property while Officer MacGillivray was there. (*Id.* ¶¶ 12–13.) He informed her that he had process papers for Defendant Hovnanian, but she stated that she did not know Defendant Hovnanian's whereabouts. (*Id.* ¶ 13.) She unlocked the front door and entered but would not let Officer MacGillivray inside; evidently later that same day, through Officer MacGillivray's investigation, Ms. Gandolfo accepted service of two unrelated UPS packages at the Navesink Property. (*Id.* ¶¶ 13–14; Ex. A, ECF No. 26-3 (UPS Tracking Details).)

Officer MacGillivray made three final attempts at the Navesink Property on February 6, 2019 but was not successful. (MacGillivray Decl. ¶ 15.) On that same day, he requested a "Postal Tracker," which ultimately confirmed that the U.S. Postal Service was still delivering Defendant Hovnanian's mail to the Navesink Property. (*Id.* ¶ 16.)

### 2. By Employed Process Servers

The Government also hired two process servers, who attempted to effect service on Defendants Hovnanian and Adelphia on fourteen different days. (Kunofsky Decl. ¶ 3.) The one process server attempted personal service at the Village Mall Property on October 29, 2018; and at the Navesink Property on October 30, October 31, November 1, November 3, November 8, November 12, and November 17, 2018. (Weinshenker Aff. of Due Diligence at 1–4, ECF No. 26-9.) On the last day, November 17, the process server spoke to someone who self-identified as Defendant Hovnanian's nephew and indicated that Defendant Hovnanian did not live at the Navesink Property. (*Id.* at 2, 4.)

The other process server attempted personal service at the Navesink Property on December 13, 2018; at the Village Mall Property on December 14, 2018; and again at the Navesink Property on December 16, December 19, and December 23, 2018. (Schiek Aff. of Due Diligence at 1–4, ECF No. 26-10.) No one ever answered the door, but the process server occasionally saw lights on at the Navesink Property. (*Id.*) Neither process server was successful in their attempts at service.

B.  *Service by Mail*

The Government also attempted to serve Defendants Hovnanian and Adelphia by certified and ordinary mail. On November 28, 2018, the Government mailed a copy of the summons and complaint by certified mail, return receipt requested, and ordinary mail to Defendant Hovnanian, at the Village Mall Property and the Navesink Property, and to Defendant Adelphia, at the Village Mall Property and the Adelphia Property. (Kunofsky Decl. ¶¶ 4–6, 10; Ex. B, ECF No. 26-5 (U.S.P.S. Certified Mail Receipts).) On December 31, 2018, the certified mail sent to Defendant Adelphia at the Adelphia Property was "returned to sender" as

"unclaimed." (Kunofsky Decl. ¶ 11; Ex. E, ECF No. 26-8 (Certified Mail "Unclaimed").) Similarly, the certified mail sent to Defendant Hovnanian at the Navesink Property and the Village Mall Property and the certified mail sent to Defendant Adelphia at the Village Mall Property were returned as unclaimed on, respectively, January 15, January 28, and January 28, 2019. (Kunofsky Decl. ¶¶ 7, 11; Ex. C, ECF No. 26-6 (Certified Mail "Unclaimed"); Ex. E.) The ordinary mail has not been returned to the Government. (*Id.* ¶¶ 8, 12.)

## IV. This Motion

On March 26, 2019, the Government filed the instant Motion for an Order Declaring Defendants Hovnanian and Adelphia Served. (ECF No. 26.) Pursuant to Local Civil Rule 7.1(d), the deadline to oppose the Motion was April 22, 2019. Neither Defendant Hovnanian nor Defendant Adelphia has responded to the Motion, which is currently before the Court.

## **LEGAL STANDARD**

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for service of process, and "[t]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). The summons, along with a copy of the complaint, must be served within ninety days, in accordance with Rule 4(m). Fed. R. Civ. P. 4(c)(1). A plaintiff may not serve a defendant personally; rather, only a non-party may effect service by delivering a copy of the summons and complaint to the defendant personally or delivering a copy of each to an authorized agent of the defendant. Fed. R. Civ. P. 4(c)(2), (e)(2). Rule 4(*l*) requires that the server execute an affidavit of service to prove that she has effected service.

Alternatively, the Federal Rules of Civil Procedure also allow service by "following state law for serving a summons . . . in the state where the district court is located or where service is

7

made." Fed. R. Civ. P. 4(e)(1). In New Jersey, the "primary method" of effecting proper service "is by causing the summons and complaint to be personally served." N.J. Ct. Rules, R. 4:4-4(a). A plaintiff's counsel, or counsel's agent, is permitted to effect such service. R. 4:4-3(a). However,

> [i]f personal service cannot be effected after a reasonable and good faith attempt . . . service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant . . . . The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service.

*Id.*; *PennyMac Corp. v. Godfrey*, 2016 N.J. Super. Unpub. LEXIS 2299, at *7 (Super. Ct. App. Div. Oct. 20, 2016) ("A 'dwelling place or usual place of abode' includes a person's permanent home, even if he or she is temporarily staying elsewhere." (quoting *Missell v. Hayes*, 85 A. 818, 818–19 (N.J. 1913))). There is no hard and fast rule defining the contours of a "good faith attempt," but the standard is a somewhat lenient one. *See, e.g.*, *Price v. 39th St. Dev., LLC*, 2009 N.J. Super. Unpub. LEXIS 1616, at *2–3, 6 (Super. Ct. App. Div. June 1, 2009) (finding "good faith" where sheriff attempted personal service just once before resorting to service by mail under Rule 4:4-3(a)). Once the plaintiff effects service by mail, he or she must "make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment." R. 4:4-7.

## **DISCUSSION**

The Governments requests an order from this Court declaring that Defendants Hovnanian and Adelphia have been served properly. (*See* Proposed Order, ECF No. 26-11.) In support, the Government submits that (1) it made a reasonable and good faith attempt to serve Defendants

8

Hovnanian and Adelphia personally, which then allowed it to serve by mail pursuant to New Jersey law; and (2) because the subsequently sent certified mail was refused but the ordinary mail was not returned, service should be deemed effected as of the mailing date, November 28, 2018. The Court agrees.

First, the Government made a good faith attempt to serve Defendants Hovnanian and Adelphia personally. The Court must ignore, for purposes of its analysis, the Government's attempts at personal service made *after* the mailing date of November 28, 2018. *See* R. 4:4-3(a) (allowing service by mail only "*after* a reasonable and good faith attempt [at personal service]" (emphasis added)); *City of Passaic v. Shennett*, 915 A.2d 1092, 1097 (N.J. Super. Ct. App. Div. 2007) ("Service by mail is not effective, however, unless plaintiff *first* made 'a reasonable and good faith attempt' to serve defendant personally." (emphasis in original)). But the Government, collectively between Officer MacGillivray[2] and a third-party process server, made attempts on *thirteen* different days before resorting to mail. (*See* MacGillivray Decl. ¶¶ 6–9, 11 (detailing attempts on four different days before November 28, 2018); Weinshenker Aff. of Due Diligence at 1–4 (nine different days).) The number of attempts alone seems sufficient to support good faith. *See HSBC Bank USA, Nat'l Ass'n v. Lia*, 2016 N.J. Super. Unpub. LEXIS 22, at *2, 14–17 (Super. Ct. App. Div. Jan. 8, 2016) (holding that plaintiff properly served defendant by mail where plaintiff employed process server who attempted service on three occasions and confirmed with defendant's neighbor that defendant lived at that address); *Price*, 2009 N.J. Super. Unpub. LEXIS 1616, at *2–3, 6 (holding that plaintiff properly served defendant by mail where sheriff

---

[2] Although Officer MacGillivray is associated with the Government, an interested party to the litigation, he is permitted to effect service pursuant to New Jersey law. *See* R. 4:4-3(a) (permitting plaintiff's counsel or counsel's agent to effect service).

attempted personal service just once).

Even more, however, the Government made efforts to confirm that Defendant Hovnanian was an authorized agent of Defendant Adelphia and that he actually resided at the Navesink Property: the Government found an interrogatory response in a separate state-court case indicating that Defendant Hovnanian was the general manager of Defendant Adelphia; the Government conducted a pre-suit investigation, which concluded that Defendant Hovnanian lived at the Navesink Property; Defendant Hovnanian answered the door when Officer MacGillivray visited the Navesink Property in October 2016; the U.S. Postal Service confirmed that it delivered mail addressed to Defendant Hovnanian at the Navesink Property; and the Government conducted a public records search of any properties that may have been connected to Defendant Hovnanian.[3] (*See* MacGillivray ¶¶ 4, 16–17; Kunofsky Decl. ¶¶ 9, 13.) And just to be safe, the Government also attempted service numerous times at the Village Mall Property. The Government's efforts therefore constitute good faith. *Cf. U.S. Bank Nat'l Ass'n v. Hodge*, 2018 N.J. Super. Unpub. LEXIS 2299, at *5 (Super. Ct. App. Div. Oct. 18, 2018) (affirming "good faith" where plaintiff attempted personal service nine times before resorting to mail); *Wells Fargo Bank, Nat'l Ass'n v. Buckley*, 2018 N.J. Super. Unpub. LEXIS 901, at *8 (Super. Ct. App. Div. Apr. 18, 2018) (finding "good faith" where plaintiff "made a diligent inquiry to find [defendants] through the postmaster, tax office and internet after the process server was not successful in personally serving the complaint"); *U.S. Bank Nat'l Ass'n v. Curcio*, 130 A.3d 1269, 1276 (N.J. Super. Ct. App. Div. 2016) (finding "good faith" where plaintiff attempted to

---

[3] The only indication that Defendant Hovnanian did *not* reside at the Navesink Property is a conversation held between a third-party process server and someone that answered the door, supposedly Defendant Hovnanian's nephew. (Weinshenker Aff. of Due Diligence at 2, 4.)

effect service personally on three occasions and "employed a private investigator who relied on numerous sources . . . to determine defendant's correct address"); *Bank of N.Y. Mellon v. Smith*, 2016 N.J. Super. Unpub. LEXIS 2438, at *7 (Super. Ct. App. Div. Nov. 9, 2016) (noting that "nothing in the record . . . suggests that plaintiff did not make a reasonable and good faith effort to serve defendant personally before" and thus holding that service by mail was proper); *Bank of Am., N.A. v. Gagne*, 2016 N.J. Super. Unpub. LEXIS 2157, at *7–9 (Super. Ct. App. Div. Sept. 29, 2016) (finding "good faith" where plaintiff hired process server who attempted personal service at defendant's only known addresses, performed a "skip trace," and checked various public records).

As a result of this good faith, the Government's service by ordinary mail was effective as of the mailing date, November 28, 2018. New Jersey law allows a plaintiff to "make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service." R. 4:4-3(a); *see also Unifund CCR Partners v. Beras*, 2011 N.J. Super. Unpub. LEXIS 717, at *6 (Super. Ct. App. Div. Mar. 23, 2011). On November 28, 2018, the Government mailed a copy of the summons and complaint by certified mail and ordinary mail to Defendants Hovnanian and Adelphia at the Village Mall Property, the Navesink Property, and the Adelphia Property. (Kunofsky Decl. ¶¶ 4–6, 10.) All four pieces of certified mail were returned to sender as "unclaimed" (*id.* ¶¶ 7, 11; Exs. C, E), but the ordinary mail has not been returned (Kunofsky Decl. ¶¶ 8, 12).

In light of the facts that Defendant Hovnanian accepted unrelated UPS packages at the Navesink Property (MacGillivray Decl. ¶¶ 13–14; Ex. A) and that the U.S. Postal Service confirmed that it was delivering Defendant Hovnanian's mail to the Navesink Property

11

(MacGillivray Decl. ¶ 16), Defendant Hovnanian has ostensibly "refused" to accept the certified mail. *See Morristown Mem'l Hosp. v. Caldwell*, 775 A.2d 34, 38 (N.J. Super. Ct. App. Div. 2001) (noting that "[i]f ordinary mail has not been returned, we can presume that it was properly addressed and delivered"). But even if that inference were not to hold water, the Supreme Court of New Jersey has recognized, albeit while discussing a different rule, that "common sense dictates that ['refused or not accepted'] includes postal service notations indicating that certified mail service 'failed' such as 'unclaimed' or 'not claimed.'" *First Resolution Inv. Corp. v. Seker*, 795 A.2d 868, 874 (N.J. 2002) (internal citation omitted). This refusal, whether constructive or actual, allows the Government to effect service by ordinary mail.

"[S]ervice by mail [pursuant to Rule 4:4-3(a)] 'is valid even if the defendant does not answer or appear.' Defendant cannot prevail by choosing to ignore the complaint." *Gagne*, 2016 N.J. Super. Unpub. LEXIS 2157, at *9 (quoting *Citibank, N.A. v. Russo*, 759 A.2d 865, 868 (N.J. Super. Ct. App. Div. 2000)). Accordingly, Defendants Hovnanian and Adelphia are deemed properly served as of November 28, 2018, the day the Government sent the ordinary mail.

## CONCLUSION

For the foregoing reasons, the Government's Motion for an Order Declaring Defendants Served is granted. An appropriate Order will follow.

Date: 05/21/2019                              */s/ Anne E. Thompson*
                                              ANNE E. THOMPSON, U.S.D.J.