IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 18-cv-15099-AET-LHG |
| v. | ) OPINION AND ORDER |
| SHANT HOVNANIAN, *et al.*, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court by way of two motions for discovery sanctions filed by Plaintiff, the United States of America (the "Government"). The First Motion is filed against Defendant, the Pachava Asset Trust (the "PAT"). [Docket Entry No. 76]. The PAT and Defendant Nina Hovnanian ("Defendant Nina") oppose the First Motion ("First Opposition") [Docket Entry No. 81], and the Government has filed a reply in further support of the First Motion ("First Reply") [Docket Entry No. 84]. The Second Motion is filed against Defendant, the VSHPHH Trust ("VSHPHH"). [Docket Entry No. 89]. VSHPHH and Defendant Nina oppose the Second Motion ("Second Opposition") [Docket Entry No. 92], and the Government has filed a reply in further support of the Second Motion ("Second Reply") [Docket Entry No. 93]. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b).

I.  **BACKGROUND FACTS**

This litigation arises out of Defendant Shant Hovnanian's ("Defendant Shant") tax liability to the Government. According to the Complaint, Defendant Shant owes over $16 million in federal income tax, penalties, and interest for the years 2002, 2003, 2004, and 2007. *See* Complaint filed on October 18, 2018 ("Complaint") [Docket Entry No. 1] at ¶ 14. The

1

Government requests judgment for all of Defendant Shant's tax liabilities and for appropriate interest and statutory penalties. *Id.* at ¶ 17.  Furthermore, the Government seeks declaratory relief, namely, that the Court attribute three pieces of property to Defendant Shant. *Id.* at ¶¶ 18-42.  Specifically, the Government alleges that Defendant Shant is the nominee or alter ego of the entities which hold the three pieces of real estate in trust—PAT,[1] VSHPHH,[2] and the Adelphia Water Company.[3]  If able to establish that Defendant Shant is the nominee or alter ego of the entities and he had some or all of the benefits of ownership of the properties, the Government then seeks to attach federal tax liens and foreclose on the properties nominally held by those entities. *Id.* ¶¶ 42-46.

The First and Second Motions arise out of the depositions of the PAT and VSHPHH (together, the "Trusts") taken pursuant to Federal Rule of Civil Procedure 30(b)(6).  Both Trusts designated Defendant Nina as the sole 30(b)(6) witness to testify on their behalf.  First Motion at 3; Second Motion at 4.[4]  For both depositions, the Government contends that Defendant Nina never sought clarification of the deposition topics or a protective order based on any concern over the topics; she did not properly prepare to offer testimony on behalf of the Trusts; and she was unable to answer a number of critical questions.  First Motion at 2-5; Second Motion at 4-5.  As a result, the Motions followed.

The Court has attempted on more than one occasion to work with the parties to reach an informal resolution to these Motions.  After a January 14, 2022 telephone conference, the

---

[1] PAT holds the real property located at 520 Navesink River Road, Middletown Township, New Jersey.  Complaint ¶ 19.
[2] VSHPHH holds the real property known as the Village Mall and located at 1 Dag Hammarskjold Boulevard, Freehold, New Jersey.  *Id.* at ¶ 31.
[3] The Adelphia Water Company holds the real property located at 572 Wyckoff Mills Road, Howell Township, New Jersey.  *Id.* ¶ 37.
[4] Citations to page numbers in this Opinion and Order shall refer to those automatically generated by the electronic filing system.

undersigned directed counsel to confer regarding a possible stipulation to resolve the Motions. [Docket Entry No. 105]. On January 25, 2022, the parties advised that they were unable to reach agreement on the form of any stipulation.

## II.     ARGUMENTS OF THE PARTIES

### A.     The PAT Deposition

#### 1.     Government's Opening Arguments

On November 17, 2020, the Government served the PAT with a notice of Rule 30(b)(6) deposition with regard to 30 distinct topics. First Motion at 2-3; *see also* [Docket Entry No. 76-1]. In the time leading up to the deposition, the Government says that the PAT never raised any concerns or objections about the topics. First Motion at 3.

The Government contends that at the deposition, the sole designated witness for all 30 topics, Defendant Nina, was unprepared or unwilling to answer many questions pertaining to several of the topics. *Id.* at 6. First, the Government argues that Defendant Nina could not address Defendant Shant's use of the property held by the PAT. *Id.* at 6-7. Notably, while the witness acknowledged that she could have asked Defendant Shant for clarification, she did not do so. *Id.* at 7. Second, the Government argues that Defendant Nina was unprepared to discuss former trustees of the PAT, their appointments, and their reasons for resignation. Defendant Nina was also generally unfamiliar with the duties, communications, and actions taken by trustees of the PAT prior to the time in which she became trustee. *Id.* at 7-12. Third, the Government contends that Defendant Nina was unprepared to address contributions to the PAT or their sources, and she was further unable to answer questions regarding disbursements from the PAT's bank account. *Id.* at 12-16. Finally, the Government argues that Defendant Nina refused to answer virtually any questions regarding the PAT prior to her appointment as trustee.

*Id.* at 16-17.  Underlying all of this, the Government suggests that Defendant Nina could have prepared for the deposition but chose not to, and that she admitted that she needed to speak with certain individuals to be able to answer some questions.  *Id.* at 17.  The Government says that the PAT and Defendant Nina had months to prepare for the deposition and that the PAT could have produced additional deposition designees but opted against it.  *Id.* at 17-18.

In addition to the issues with Defendant Nina's testimony, the Government contends that she identified several documents which Defendants should have produced.  First, she testified that she had reviewed a "map" or organizational chart explaining the relationships between the PAT and the various Hovnanian entities.  *Id.* at 19.  Additionally, Defendant Nina purportedly refreshed her recollection between deposition days by reviewing the notes provided to her by attorney William Read Rankin, Defendant Shant's personal attorney, but she did not produce those notes.  *Id.*  Furthermore, according to the Government, Defendant Nina said that she did not complete her search for additional records with regard to some of the topics in advance of the deposition, despite attesting otherwise.  *Id.* at 18.

According to Rule 37 and relevant legal authority, the Government suggests it would be appropriate for the Court to preclude the PAT from introducing on motion or at trial any additional information on the topics for which Defendant Nina was unprepared or unable to testify. *Id.* at 20-23.

        2.     <u>The PAT's and Defendant Nina's Opposition</u>

The PAT and Defendant Nina oppose the First Motion.  First Opposition at 1-2.  As a preliminary concern, they argue that the Government is trying to hold Defendant Nina to a higher standard than it has other 30(b)(6) deponents who have likewise been unable to fully answer questions.  *Id.* at 1-4.  Also, the PAT and Defendant Nina raise the concern that the First and

Second Motions are more appropriately considered as *in limine* motions before trial. *Id.* at 5-6. Next, they say that the former trustees could provide further information and fill in the gaps of the PAT's testimony given by Defendant Nina. Indeed, Hilde Jenssen, a former trustee, was scheduled to be deposed at the time of the Opposition, and another former trustee, Peter Hovnanian, was interviewed but not deposed by the Government. *Id.* at 6. Furthermore, Karen Gandolfo supposedly handles the physical day-to-day operations of the property owned by the PAT, and she testified that she and Defendant Nina work together with regard to the administration of the trust and underlying property. *Id.* at 8. The PAT and Defendant Nina further say that the Government's expectation regarding Defendant Nina's level of knowledge is unrealistic and not reasonable. *Id.* at 9. Indeed, The PAT and Defendant Nina note the breadth of the deposition topics and suggest that she should not be expected to answer every question regarding the minutiae of the day-to-day operations of the PAT and the underlying property. *Id.* at 10-11.

      After reiterating that the First and Second Motions are premature, *id.* at 12-13, the PAT and Defendant Nina respond to each of the Government's arguments. First, they say that Defendant Nina answered questions about where Defendant Shant lived to the best of her ability and is not required to know the details of his life. *Id.* at 15. Again, with regard to former trustees, they reiterate that the Government could have asked Peter Hovnanian why he resigned as trustee, scheduled the deposition of Hilde Jenssen, and issued a subpoena to reach Defendant Shant. *Id.* at 16-18. In any event, Defendant Nina did speak briefly with Peter Hovnanian and Hilde Jenssen, but received limited information, and she and Ms. Jenssen are no longer on speaking terms. *Id.* at 19-20. Furthermore, they contend that Defendant Nina explained transactions to the best of her ability but struggled given that she was not shown dates of some of

the transactions or other records. *Id.* at 21-22. After explaining that Defendant Nina did not refuse to answer questions, but instead did not know or provided an answer the Government did not like, the PAT and Defendant Nina also claim that she prepared by re-reading discovery responses and corresponding with a number of individuals to ensure she was ready for the deposition. *Id.* at 23-24. Finally, with regard to the organizational chart that Defendant Nina referred to during the deposition, they explain that it is not in the possession, control, or custody of Defendant Nina or the PAT. *Id.* at 26. With regard to the notes that she purportedly reviewed, they say that there was no actual use of any notes and the Government is simply mistaken. *Id.* at 27.

### 3. Government's Reply

In its First Reply, the Government says that the PAT had a duty to either adequately prepare Defendant Nina or designate others to testify on its behalf, neither of which it did. First Reply at 3. It says that Defendant Nina's inability to testify regarding prior trustees and transactions that are relevant to the case exemplify the failure. *Id.* at 3-5. Additionally, the Government contends that the fact that others might have filled in the gaps in Defendant Nina's 30(b)(6) testimony does not relieve the PAT of the duty to prepare for and answer questions related to the noticed topics. *Id.* 5-6. Next, the Government says that the PAT must testify as to its own checks, accounts, and transactions regardless of alleged burden, especially considering those were specified topics.[5] *Id.* at 6. The Government also rejects any alleged disparate treatment of the PAT compared to the other 30(b)(6) witness, Morgan Stanley. *Id.* at 8-9. It says that it conferred with Morgan Stanley's counsel immediately upon serving a 30(b)(6) notice of topics. Furthermore, when the representative could not answer, Morgan Stanley promptly

---

[5] Several of the topics identify specific transactions by parties and amounts paid. *See, e.g.* [Docket Entry No. 76-2, at 5 (Topics 19, 20, and 22)].

offered another designee.  *Id.* at 9.  Finally, the Government says that a preclusion order is not premature and is appropriate under relevant law.  *Id.* at 9-14.

  B.  **The VSHPHH Deposition**

    1.  Government's Opening Arguments

  On November 17, 2020, the Government served VSHPHH with a Rule 30(b)(6) deposition notice, containing 26 distinct topics.  Second Motion at 4; *see also* [Docket Entry No. 89-3].  In the three months leading up to the deposition, the Government says that VSHPHH never raised any concerns about the topics, asked to meet and confer about the deposition, or sought a protective order.  Second Motion at 3-4.  Because the Government contends that Defendant Nina was unprepared for the PAT 30(b)(6) deposition, its counsel reached out to specifically discuss the expectations for the VSHPHH deposition.  *Id.* at 4.

  The Government's arguments regarding the VSHPHH Rule 30(b)(6) deposition are similar to those it makes with regard to the PAT, but the specifics differ.  First, the Government says that Defendant Nina was unprepared to discuss VSHPHH's finances.  *Id.* at 5-12.  Specifically, Defendant Nina was not ready to respond to questions with regard to the intermingling of funds with Grandview Cable, a Hovnanian company that was formally known as HovSat, Inc.  *Id.* at 3 n.1, 5.  Instead, Defendant Nina testified that Defendant Shant would be able to clarify the relationship between Grandview Cable and VSHPHH.  *Id.* at 8.  Second, the Government claims that Defendant Nina was unable to satisfactorily testify about the profit, income, and expenses of the VSHPHH Trust.  *Id.* at 9-10.  Third, the Government argues that Defendant Nina could not discuss any of the specific transactions related to VSHPHH—she had no answers when asked about various loans and other transactions, and she again deferred to Defendant Shant.  *Id.* at 11-12.  Furthermore, as was the case with the PAT, Defendant Nina

purportedly identified responsive documents regarding certain loans from Hovnanian International to VSHPHH; those documents have not been produced. *Id.* at 16.

Based on the foregoing, the Government requests that the Court preclude VSHPHH from calling Defendant Shant or an accountant as witnesses to testify about VSHPHH's finances and to prevent VSHPHH from relying on additional financial records that were not produced in discovery. *Id* at 12. As with the First Motion, the Government contends that a preclusion order is appropriate under the circumstances. Indeed, it argues that all of the requisite factors counsel in favor of precluding the further introduction of documents or testimony. *Id.* at 12-16.

2. <u>Opposition of VSHPHH and Defendant Nina</u>

VSHPHH and Defendant Nina jointly oppose the Second Motion for Sanctions. *See generally* Second Opposition. Their submission mirrors the First Opposition, and puts forth many of the same general arguments, including that the Government did not hold Morgan Stanley's 30(b)(6) deponent to the same level of scrutiny and that the Second Motion is likewise premature. *Id.* at 1-14. With regard to the specifics of the Second Motion, VSHPHH and Defendant Nina say little. Responding to the Government's concern that Defendant Nina was unprepared to testify regarding the intermingling of funds between Grandview Cable and the VSHPHH Trust, they say that Defendant Nina explained that Grandview Cable's QuickBooks account was used to track the activity of VSHPHH. *Id.* at 15. Furthermore, they say that all responsive documentation regarding the finances of VSHPHH have been produced and that Defendant Nina can neither compel Defendant Shant to participate in discovery nor can she testify regarding conversations to which she was not a party. *Id.* Finally, they contend that the Government can learn about the income, expenses, and profit of VSHPHH from Karen Gandolfo, who handles the day-to-day operations of VSHPHH. *Id.* at 16-17.

       3.      Government's Reply

With regard to financial transactions, the Government recognizes that it has the records showing when deposits and withdrawals were made, but the reasons behind those transactions have to be explained by the designated VSHPHH witness. Second Reply at 6-7. With regard to VSHPHH's underlying property, Defendant Nina could not discuss particular transactions or net income and informed the Government that she would find out the necessary information. *Id.* at 7. Additionally, she could not discuss entries on the property's balance sheet, which were produced in discovery. *Id.* Beyond just failing to prepare a witness or otherwise familiarizing the designee about information related to the topics in the operative deposition notice, the Government says that VSHPHH is simply attempting to avoid bad facts. *Id.* at 8. On the other hand, the Government says the Motions are not to gain a tactical advantage but rather, are the culmination of an effort to pin down both Trusts' testimony and avoid trial by surprise. *Id.* at 9. Finally, the Government again requests that VSHPHH produce loan documents identified by Defendant Nina during the deposition, especially in light of the previous certification that all documents have been produced. *Id.* at 10-11.

### III.    LEGAL STANDARD

Federal Rule 30(b)(6) permits a party to take the deposition of a public or private entity if the deposition notice describes the matters for questioning with reasonable particularity. As long as the topics for examination are relevant pursuant to Federal Rule 26(b)(1), the entity is responsible for designating one or more individuals to testify on its behalf. *Sanofi-Aventis v. Sandoz, Inc.*, 272 F.R.D. 391, 393 (D.N.J. 2011). Once an entity is named as a deponent, it must take steps to identify the necessary individual(s) who must "testify as to matters known or reasonably available to the corporation." *Reichold, Inc. v. United States Metal Refining*

*Company, et al.*, No. 03-453 (DRD), 2007 WL 1428559, at *1 (D.N.J. May 10, 2007). Indeed, selecting and preparing 30(b)(6) witnesses may be a burdensome undertaking and can even require the review of voluminous documents. *QBE Ins. Corp. v. Jordan Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012).

Rule 30(b)(6) mandates that the entity which received the notice adequately prepares the individual(s) to answer "fully, accurately, and non-evasively." *Id.* "The duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other resources to obtain responsive information." *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007).

Pursuant to Rule 37(d), the Court may impose sanctions if a witness fails to appear for a deposition. This extends to entity witnesses designated pursuant to Rule 30(b)(6). The Third Circuit has instructed courts to interpret the failure to appear language of 37(d) pragmatically and has held that, in the context of 30(b)(6) deponents, "producing an unprepared witness is tantamount to a failure to appear." *Black Horse Lane Assoc., L.P. v. Dow Chemical Corp.*, 228 F.3d 275, 304 (3d Cir. 2000).

Where grounds for sanctions exist pursuant to Rule 37(d), the Court may, among other things, prohibit the offending party from "introducing designated matters in evidence." *See* Fed. R. Civ. P. 37(d)(b)(2)(A)(ii) and (d)(3). Precluding the use of evidence is within the discretion afforded by the Court to impose sanctions. *Access 4 All, Inc. v. ANI Assocs., Inc.*, No. 04–6297, 2007 WL 178239, at *4 (D.N.J. Jan. 12, 2007). "If a deponent fails to satisfy Rule 30(b)(6) by refusing to designate a witness or producing an unprepared witness, the court may order sanctions, including the preclusion of evidence." *Keepers, Inc. v. City of Milford*, 807 F.3d 24,

36 (2d Cir. 2015); *see also Black Horse Lane Assoc.*, 228 F.3d at 281.

Furthermore, courts have found that if a 30(b)(6) deponent is unable to answer questions regarding a noticed topic, the corporate deponent "will not be allowed effectively to change its answer by introducing evidence during trial." *Ierardi v. Lorillard, Inc.*, No. 90–7049, 1991 WL 158911, at *3 (E.D. Pa. Aug. 13, 1991); *see also U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) ("[I]f a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reasons for the change."). This does not, however, mean that a sanctioned party cannot "argue against the factual conclusions asserted by an opponent from the opponent's evidence," but the party may not, through its attorney on motion or at trial, "assert that the facts show a particular position on a topic when, at the Rule 30(b)(6) deposition, the corporation asserts no knowledge and no position." *Taylor*, 166 F.R.D. at 362 n.8.

## IV.    ANALYSIS

As an initial matter, the Court finds that the Motions are not premature. In accordance with Rule 37 and relevant Third Circuit law, sanctions, including an order precluding further evidence, may be appropriate when a deponent violates Rule 30(b)(6). *See Black Horse Lane Assoc.*, 228 F.3d at 281 (affirming magistrate judge's order that "preclude[s] appellants from asserting, at trial, a position which differs from the testimony of their Rule 30(b)(6) witness"). Additionally, the Court finds that, according to Rule 37(d)(2), neither Trust can legitimately oppose the breadth of the topics in the operative deposition notices because they did not serve objections or move for a protective order. First Opposition at 10-11; Second Opposition at 12.

### A.    Preclusion of Further PAT Documents and Testimony

First, the Government says that Defendant Nina could not testify at the 30(b)(6)

11

deposition with any precision as to Topics 8 and 9 of the PAT notice.  First Motion at 6-7; [Docket Entry No. 76-1 at 4].  These topics seek information regarding the use of the property held in the PAT by Defendant Shant and his children.  The PAT and Defendant Nina contend that they answered questions on the topics and nothing more is available.  First Opposition at 15.  Here, the Government notes that Defendant Nina talks to Defendant Shant once a week and testified that she could have spoken with him about his use of the property held by the PAT.  First Motion at 7, 17.  It was the PAT's duty to either contest the deposition topics, get the necessary information from Defendant Shant (or elsewhere), or produce another designee.  *See Harris*, 259 F.R.D. at 92 (sufficient preparation for a 30(b)(6) deposition may require correspondence with others); *see also Kyoie Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.") (internal marks and citations omitted).  Given the foregoing, the Court finds that the PAT did not meet its obligation to obtain the information necessary to respond adequately to the Rule 30(b)(6) notice.  As a result, the Court bars PAT from offering any further testimony or documentary evidence with regard to deposition topics 8 and 9, either at the time of summary judgment motions or at trial.

      Next, the Government says that Defendant Nina could not answer basic questions regarding topics 11-13, which relate to former trustees and, very specifically, why Peter Hovnanian did not communicate with Morgan Stanley following his appointment as trustee.  First Motion at 7-12.  Testimony on these topics may inform the Government as to whether Defendant Shant actually operated the PAT and the trustees were simply figureheads.  *Id.* at 7.  The PAT's and Defendant Nina's opposition amounts to little more than finger-pointing,

suggesting that the Government could interview or depose former trustees, Peter Hovnanian and Hilde Jenssen, if they truly wanted information regarding operations of the PAT prior to when she became a trustee in 2018.  First Opposition at 15-19.  This is exactly the type of problem that a Rule 30(b)(6) deposition is intended to avoid.  *See, e.g.,* Fed. R. Civ. Pro. 30 advisory committee's note to the 1970 amendment, noting that the rule is designed to prevent "bandying," whereby relevant officers or managing agents disclaim knowledge of critical facts and direct the inquiry to other individuals.  As a result, a Rule 30(b)(6) deponent that "is unable to give useful information [] is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it."  *Black Horse Lane Assoc.*, 228 F.3d at 304.  The Court finds the PAT's failure with regard to these topics particularly concerning because most of the relevant transactions occurred prior to the time in which Defendant Nina became trustee.  First Reply at 4.  By designating her as the 30(b)(6) witness and not preparing her through investigation, document review and interviews of those with contemporaneous knowledge, the PAT has forfeited its right to introduce additional testimony or documentary evidence related to topics 11-13.

The Government also says that the PAT should be barred from offering further evidence with regard to Topics 14 and 19, which seek testimony on contributions to the trust.  First Motion at 12-14.  While Topic 14 is more open-ended, Topic 19 seeks testimony on a very specific transaction—a 2017 payment in the amount of $317,349 from Zargis Medical Corporation to cover the real estate taxes of the PAT property.  *Id.* at 12.  The Government points out that Defendant Nina could not testify regarding any of the four sources of contributions to the PAT from 2013 to July 2018.  *Id.* at 13.  The opposition again is premised on the idea that Defendant Nina need not testify about issues prior to her time.  First Opposition at

13

20. This simply is not a defense: entity deponents are not permitted to avoid finding out information under Rule 30(b)(6). An entity's testimony is not limited to the designee's personal knowledge. *QBE Ins. Corp.*, 277 F.R.D. at 689. The Court recognizes that even a 30(b)(6) deponent may not be able to testify with pinpoint precision as to all transactions, but the designated witness of a trust should be able to discuss the sources of contributions. *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 540 (D. Nev. 2008) (designated deponent may need to review deposition transcripts, documents produced, materials in files, and perhaps conduct interviews). Moreover, the Court notes that Defendant Nina testified that she had not finished her search for records—this should have been done as part of the preparation for a 30(b)(6) deposition. *QBE Ins. Corp.*, 277 F.R.D. at 689. Additionally, the PAT had sufficient time before the filing of the First Motion and during the time in which it was pending to address the deficient responses, but it failed to do so. As a result, the Court again finds that the PAT has ignored its responsibilities in response to the 30(b)(6) notice and should therefore be barred from introducing any further testimony or documentary evidence with regard to deposition topics 14 and 19.

Finally, the Government asks the Court to preclude the PAT from offering any further evidence regarding its disbursements because Defendant Nina was unprepared to discuss deposition topics 15, 20, and 21. First Motion at 14-16. The PAT and Defendant Nina say that the Government had unrealistic expectations, and that the Government should not have asked about certain payments without citing to the dates of the transactions. First Opposition at 21-22. The record reflects that Defendant Nina again was unprepared to answer questions about a number of transactions. *See, e.g.*, [Docket Entry No. 76-7 at 85-86, 98-99]. Defendant Nina frequently responded that she did not have information about disbursements or suggested that

14

she would need to speak with someone else to get that information. First Motion at 15, 17. Furthermore, she often testified that she would have to reference her notes to answer a question, and the notes have not been produced. [Docket Entry No. 76-7 at 236-37, 275]. Given the foregoing, and in the absence of any indication in the record that Defendant Nina has supplemented her responses in the time following the deposition or since the Motion has been pending, the Court finds that the PAT should not be allowed to offer any further testimony or documentary evidence with regard to deposition topics 15, 20, and 21. *See, e.g.*, *Wilczynski v. Redling*, No. 12-4335, 2014 WL 5361916 at *2-*6 (D.N.J. Oct. 21, 2014) (finding party may not rely on documents submitted for the first time in opposition to summary judgment); *Brown v. Henderson*, 257 F.3d 245, 252 (2d Cir. 2001) (same with regard to affidavit that contradicts deposition testimony).

**B.     Preclusion of Further VSHPHH Documents and Testimony**

The Court conducts the same analysis with regard to the VSPHH Motion, with regard to the topics set forth in the relevant Rule 30(b)(6) notice for that entity.

First, the Government contends that Defendant Nina was unprepared to answer questions on topics 15 and 17 through 22, which relate to VSPHH's finances and its purported intermingling of funds with Grandview Cable. Second Motion at 6-8. Each topic identifies particular entities and specific categories of transactions. *See, e.g.*, [Docket Entry 89-4 at 5, Topic 19 ("Why tenants to the Village Mall were instructed to make payments to HovSat for rent due to the Trust.")]. The Government argues that Defendant Nina was similarly unprepared to testify with regard to topics 8, 10, 13, and 14, all of which relate to the income and expenses of VSHPHH. Second Motion at 9-10. Furthermore, the Government says that Defendant Nina could not discuss any specific transactions related to VSHPHH. *Id.* at 11-12. VSHPHH and

Defendant Nina again oppose the arguments by deferring to others. For example, they suggest that Karen Gandolfo could answer certain questions related to the VSHPHH Trust, and they also posit that the Government could have issued a subpoena to gather the necessary information from Defendant Shant. Second Opposition at 15-16.

There can be no question that under Rule 30(b)(6), the VSHPHH Trust had an affirmative duty to provide witnesses who could answer questions within the scope of the topics in the notice. *Harris*, 259 F.R.D. at 92. Indeed, there is value to the Government in securing the binding testimony of VSHPHH on relevant matters, even if it already has or could get that testimony from other deponents. Accordingly, that others might be able to provide the information is not a reasonable ground upon which to oppose the Government's Second Motion. Rather, it was VSHPHH's duty to prepare the 30(b)(6) designee as completely as possible or designate other witnesses as necessary to fully and accurately testify on the topics. If they believed the topics were inappropriate, their recourse was to object and ultimately to seek a protective order. *Keepers, Inc.*, 807 F.3d at 32 (compliance with 30(b)(6) requires an entity making "available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf"). They did none of these things, and VSHPHH has not taken any steps to supplement its testimony after the deposition. Based the foregoing, the Court finds that VSHPHH cannot offer any further testimony or documentary evidence with regard to deposition topics 15, 17, 18, 19, 20, 21, and 22, either at trial or on summary judgment. *See Ierardi v. Lorillard, Inc.*, 1991 WL 158911, at *3 (internal marks and citation omitted) (recognizing that the purpose of discovery is to avoid any "trial by ambush").

    **C.**    **Documents Identified at the Trusts' Depositions**

During the PAT deposition, Defendant Nina testified that she had a map of the various

Hovnanian companies. First Motion at 18. Furthermore, she mentioned that she reviewed notes that she received from Read Rankin, which purportedly caused her to change her testimony. *Id.* at 19. The PAT and Defendant Nina claim that the map may be privileged and/or contain third-party information which the Trust may lack the authority to produce. First Opposition at 26. Additionally, they assert that it is not in Defendant Nina's possession, custody, or control. *Id.*

During the VSHPHH deposition, Defendant Nina identified certain loan documents which had not been produced. Second Motion at 16. The VSHPHH Trust simply says that all documents that exist have been produced. Second Opposition at 17.

The Court holds that the map, the notes from attorney Read Rankin, and the loan documents should all be produced. From her testimony, it appears that Defendant Nina reviewed these documents in preparation for the Trusts' depositions. As such, the Court is hard pressed to understand how they could be deemed privileged and even more perplexing, how Defendants could say they do not have access to these documents. Defendants are ordered to produce them, as well as any other documents she identified as having reviewed in preparation for the Trusts' depositions. If, after a diligent search, Defendant Nina is unable to locate one or more of the requested documents, then she must provide to the Government a certification under penalty of perjury as to what exactly happened to those documents after she reviewed them and what efforts she made to obtain them to comply with this Order. To the extent any such documents are withheld as privileged, the certification should also include a privilege log.

### D.     Fees and Costs

Finally, Rule 37(d)(3) requires the imposition of monetary sanctions either instead of, or in addition to, the sanctions listed in 37(b)(2)(A)(i)-(vi). An exception exists for instances in which the discovery failure was substantially justified "or other circumstances make an award of

17

expenses unjust." Fed. R. Civ. P. 37(d)(3).

Defendant Nina, although unsatisfactory in preparing for the depositions and failing to offer testimony on a number of topics in the pertinent deposition notices, was able to offer testimony to bind the Trusts. She did not simply fail to appear on behalf of the Trusts, and there is no argument that she appeared in bad faith, as opposed to negligently. *Incovati v. Best Buy Co., Inc.*, No. 10-1939, 2011 WL 13363862, at *2 (D.N.J. Nov. 29, 2011); First Reply at 12-13. The Court is also cognizant of the difficulties that Defendant Nina has had in administering the Trusts and in her personal life. *See, e.g.*, First Opposition at 7-8. In consideration of the circumstances, the Court finds that the imposition of monetary sanctions in addition to the preclusion sanctions are not warranted.

## V.     CONCLUSION

In conclusion, the Court finds that Defendants have failed to meet their burden of adequately preparing for the 30(b)(6) depositions. Not only was Defendant Nina not prepared in either circumstance, but the Trusts have not offered any reason for the lack of preparation. They have simply continued to advocate that it is up to the Government to find other witnesses to answer their questions. In doing so, they have completely ignored the obligations imposed by a Rule 30(b)(6) notice.

What's more, the Trusts have also allowed the witness to rely on documents in preparation for the depositions without producing those documents. For this, they offer no explanation other than that the documents in question are now somehow unavailable. This Court has reached the conclusion that no lesser sanction would be appropriate than precluding Defendants from seeking to rely at trial or on summary judgment on the information they have improperly failed to provide in the context of the 30(b)(6) depositions.

Finally, the Court also concludes that it is appropriate to rule on this issue now rather than requiring the parties to brief it again as an *in limine* motion.  This is a discovery issue that the Court is deciding, and it is therefore appropriately dealt with during discovery, without requiring the uncertainty and expense of leaving it open for another day.

For the foregoing reasons, and for good cause shown,

**IT IS** on this **31st** day of **January, 2022**,

**ORDERED** that the Government's First and Second Motions for Sanctions [Docket Entries Nos. 76 & 89] are **GRANTED**; and it is further

**ORDERED** that the PAT is hereby precluded from seeking to admit in dispositive motions or at trial any additional testimony or documents beyond what was provided in discovery or during the Rule 30(b)(6) deposition with regard to topics 8, 9, 11, 12, 13, 14, 15, 19, 20, and 21, which are identified in the Notice of Topics attached to the Government's Third Deposition Notice [Docket Entry No. 76-2 at 4-6]; and it is further

**ORDERED** that the VSHPHH Trust is hereby precluded from seeking to admit in dispositive motions or at trial additional testimony or documents beyond what was provided in discovery or during the Rule 30(b)(6) deposition with regard to topics 8, 10, 13, 14, 15, 17, 18, 19, 20, 21, and 22, which are identified in the Notice of Topics attached to the Government's Second Deposition Notice [Docket Entry No. 89-3 at 4-5]; and it is further

**ORDERED** that within 14 days of entry of this Order, Defendant Nina must produce any documents she indicated she reviewed in preparation for either of the depositions or that she referenced as having in her possession during the depositions.  This includes but is not limited to the map/organizational chart, the notes from attorney Rankin, and the pertinent loan documents.  If Defendant Nina says she cannot locate them after a diligent search, she is hereby ordered to

provide a certification under penalty of perjury, explaining the circumstances under which she had those documents prior to her depositions but is unable to produce them in response to this Court Order.

 

_____
**LOIS H. GOODMAN**
**United States Magistrate Judge**