ARI D. KUNOFSKY
JOSHUA D. ZIMBERG
Trial Attorneys, Tax Division
U.S. Department of Justice
PO Box 227
Washington, DC 20044
Tel. (202) 353-9187
Fax (202) 514-6866
Ari.D.Kunofsky@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 18-cv-15099-ZNQ-LHG |
| SHANT HOVNANIAN, *et al.*, | ) ) ) |
| Defendants. | ) |

**UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO THE VSHPHH TRUST AND FOR A RULE 54(B) CERTIFICATION**

The United States moves for summary judgment on Counts III and V of its Complaint under Federal Rules of Civil Procedure 56. Specifically, the United States seeks a determination that the VSHPHH Trust is Shant Hovnanian's nominee as to the two-story shopping mall located at 1 Dag Hammarksjold Boulevard, Freehold, New Jersey ("Village Mall") and to foreclose its federal tax liens that arose and attach to that Village Mall.

Shant Hovnanian owes $16 million in federal tax liabilities that arose because he engaged in illegal tax shelters. This Court has entered a default judgment as to that amount. (Dkt. 35.) While legal title to the Village Mall is held in the name of the VSHPHH Trust, the VSHPHH Trust is nothing more than Shant Hovnanian's nominee. Shant Hovnanian exercised "some or all of the benefits of true ownership" over the Village Mall. *E.g.*, *United States v. Hovnanian*,

1

2019 WL 1233082, *3 (D.N.J. March 18, 2019), *quoting United States v. Patras*, 544 F. App'x 137, 140–41 (3d Cir. 2013).  Shant Hovnanian treated the Village Mall like it was his own property, including taking all of the rental income generated by the property and paying the expenses of the property from an account under his control.  Because the VSHPHH Trust was Shant Hovnanian's nominee, the federal tax liens attach to the Village Mall.  Thus, as a matter of law, the United States is entitled to enforce its liens against and foreclose upon the Village Mall. 26 U.S.C. § 7403.

      The United States also asks that the Court enter summary judgment, as well as the previously entered default judgment against Shant Hovnanian and the order of sale, as a final judgment under Fed. R. Civ. P. 54(b).  The entry of summary judgment with respect to the Village Mall property would resolve the claims as to this one property, but it will not resolve all the claims in the Complaint, which seeks to enforce the liens against two other properties as well.  If the sale of those properties is not resolved at the time this motion is entered, there is no just reason for delay entry of the orders as a final judgment because the United States could not move forward with a sale unless it would be final.

//
//
//

In support of its motion the United States submits its memorandum in support, statement of facts, exhibits, proposed order, and a proposed order of sale.

WHEREFORE, the United States respectfully requests that the motion be granted.

Date: May 13, 2022,

          Respectfully submitted,

          DAVID A. HUBBERT
          Deputy Assistant Attorney General
          Tax Division

          */s/ Ari D. Kunofsky*
          ARI D. KUNOFSKY
          JOSHUA D. ZIMBERG
          Trial Attorneys, Tax Division
          U.S. Department of Justice
          Post Office Box 227
          Washington, D.C. 20044
          Telephone: (202) 353-9187
          Facsimile: (202) 514-6866
          Email: Ari.D.Kunofsky@usdoj.gov

          *Counsel for the United States*