

# HANAMIRIAN LAW FIRM
## MAIN STREET TO WALL STREET

July 23, 2020

*Via Electronic Mail (Ari.D.Kunofsky@usdoj.gov)*
Ari D. Kunofsky
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

      Re:    *United States of America v. Hovnanian, et al.*
               **Defendant VSHPHH Trust**
               **Civil Action No.: 18-cv-15099 – AET – ZNQ**

Dear Ari:

      We are writing to follow-up to our correspondence dated June 30, 2020 regarding the asserted deficient responses of the Pachava Asset Trust and the VSHPHH Trust to the United States' Interrogatories and Requests for Production.

      As we have advised on a few occasions, there is a second wave Covid-19 lockdown in Armenia and, now a War. Nina Hovnanian has made another diligent attempt to search for any documents in her custody, care, and control as Trustee of the Pachava Asset Trust and the VSHPHH Trust that are or may be responsive to any of the Requests for Production, but it is not a perfect process. We have also asked any predecessor Trustee to conduct the same search. You are suggesting that you will file a motion to compel, but I think these circumstances make a less than perfect discovery process excusable. If you persist, I will seek the fees associated with a response to that motion.

      Having said all of that, the supplemental responses to Interrogatories 4, 6, and 9 directed to the VSHPHH Trust and supplemental responses to Requests for Production directed to the VSHPHH Trust are as follows:

      (1) The VSHPHH Trust: Supplemental Responses to Requests for Production of Documents:
          a. Requests: 3, 4, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, and 18.

**Plaintiff Exhibit 106**



## The VSHPHH Trust's Supplemental Responses to Interrogatories:

Interrogatory No. 4: If the VSHPHH Trust contends that it is not Shant Hovnanian's nominee, state the basis for this contention.

**Response:**

The burden of proof with respect to the nominee claim is on the United States. It is not the Trustee's obligation to disprove the United States' claims in response to discovery requests.

Interrogatory No. 6: State the reasons why Shant Hovnanian resigned as trustee of the VSHPHH Trust.

**Response:**

Nina Hovnanian is unaware of the reasons why Shant Hovnanian resigned as Trustee of the VSHPHH Trust.

Interrogatory No. 9: In its Answer, the VSHPHH Trust did not admit or deny the allegation that "Shant Hovnanian has no formal role with the VSHPHH Trust. He has no right to take income from the VSHPHH Trust and no obligation to pay the Trust's expenses." (Compl. ¶ 30, Ans. ¶ 30.) To the extent the VSHPHH Trust denies these statements, state the basis for that denial.

**Response:**

In its Answer filed April 1, 2019, the VSHPHH Trust admitted that Shant Hovnanian is no longer a trustee of the VSHPHH Trust.

Thank you.

Sincerely,

John M. Hanamirian, Esq.

JMH/eag
Attachments

HANAMIRIAN LAW FIRM, P.C.
40 E. MAIN STREET MOORESTOWN NJ 08057    30 WALL STREET NEW YORK NY 10005
O 856 793 9092   F 856 793 9121   W hanamirian.com



cc: Erin Darden, Esquire (via email)
Lori D. Reynolds, Esquire (via email)
Linda Fossi., Esquire (via email)
William N. Aumenta, Esquire (via email)
David A. Clark, Esquire (via email)

*United States of America v. Hovnanian, et al.*
The VSHPHH Trust: Supplemental Responses to Requests for Production of Documents
Index No.: 18-cv-15099 – AET – ZNQ

3. All documents and communications reflecting the purpose of the VSHPHH Trust or the reason why the VSHPHH Trust was established.

**Response:**

Nina Hovnanian does not have additional documents that are responsive to the foregoing Request.

4. All documents or communications reflecting Shant Hovnanian's reason for resigning as trustee of the VSHPHH Trust.

**Response:**

Nina Hovnanian does not have documents or communications reflecting Shant Hovnanian's reason for resigning as trustee of the VSHPHH Trust.

6. All documents reflecting or explaining why title to the Village Mall was placed in the name of the VSHPHH Trust.

**Response:**

Nina Hovnanian does not have documents that are responsive to the foregoing Request.

7. All documents reflecting: (a) the expenses related to the Village Mall, including utilities and real estate taxes, (b) who paid the expenses, and (c) any arrangements for the payment of these expenses from January 1, 2012 to the present.

**Response:**

Karen Gandolfo is the bookkeeper for the VSHPHH Trust. Karen Gandolfo has or should have documents relative to the foregoing Request.

*United States of America v. Hovnanian, et al.*
The VSHPHH Trust: Supplemental Responses to Requests for Production of Documents
Index No.: 18-cv-15099 – AET – ZNQ

8. All financial statements for the VSHPHH Trust, regardless of whether audited or not.

**Response:**

There are no documents in the custody, care, or control of Nina Hovnanian as Trustee of the VSHPHH Trust that are responsive to the foregoing Request.

9. Accounting files (for example, Quickbooks files) for the VSHPHH Trust.

**Response:**

There are no documents in the custody, care, or control of Nina Hovnanian as Trustee of the VSHPHH Trust that are responsive to the foregoing Request.

10. To the extent not reflected in request number 9, produce ledgers or other files showing the rental income generated by the Village Mall from January 1, 2014 to the present.

**Response:**

There are no documents in the custody, care, or control of Nina Hovnanian as Trustee of the VSHPHH Trust that are responsive to the foregoing Request.

11. Copies of all periodic statements for any bank or financial account of any account where the VSHPHH Trust had a legal or beneficial interest from January 1, 2014 to the present.

**Response:**

There are no documents in the custody, care, or control of Nina Hovnanian as Trustee of the VSHPHH Trust that are responsive to the foregoing Request.

*United States of America v. Hovnanian, et al.*
The VSHPHH Trust: Supplemental Responses to Requests for Production of Documents
Index No.: 18-cv-15099 – AET – ZNQ

12. Copies or all periodic statements for any bank or financial account where rental income generated by the Village Mall was deposited from January 1, 2014 to the present.

**Response:**

There are no documents in the custody, care, or control of Nina Hovnanian as Trustee of the VSHPHH Trust that are responsive to the foregoing Request.

14. All documents regarding the preparation and filing of the VSHPHH Trust's tax returns including any questionnaires, emails, tax organizers, etc.

**Response:**

The VSHPHH Trust did not generate any taxable income and there are no tax returns available that are responsive to the foregoing Request.

15. If VSHPHH Trust received an opinion that it did not need to file an income tax return, provide a copy of that opinion.

**Response:**

Any document even remotely responsive to the foregoing Request no longer exists. It would not have been an "opinion" but rather advice of an accountant.

16. Any lease or other arrangement between VSHPHH Trust and Nina Hovnanian, Shant Hovnanian, Adelphia Water Company, Inc., or any other person related to Shant Hovnanian leasing space at the Village Mall.

**Response:**

There are no documents in the custody, care, or control of Nina Hovnanian as Trustee of the VSHPHH Trust that are responsive to the foregoing Request.

## CERTIFICATION

I hereby certify that the foregoing statements made by me in the attached VSHPHH Trust's Supplemental Responses dated July 23, 2020 are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for Contempt of Court.

Dated: 9/3/2020

Nina C. Hovnanian

John M. Hanamirian, Esq.
HANAMIRIAN LAW FIRM, P.C.
NJ Attorney ID: 002861992
40 East Main Street
Moorestown, New Jersey 08057
(856) 793-9092
(856) 793-9121 – facsimile
jmh@hanamirian.com
*Attorney for Defendant*
*VSHPHH Trust*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANT HOVNANIAN, *et al.*<br><br>Defendants. | Case No.: 18-cv-15099-AET-ZNQ |

**DEFENDANT VSHPHH TRUST'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant VSHPHH Trust ("Defendant"), by and through its undersigned counsel, John M. Hanamirian, Esquire of Hanamirian Law Firm, P.C., hereby objects and responds to Plaintiff's Second Set of Requests for Production as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to the Requests to the extent they seek information that may be protected by the attorney-client privilege, the joint-defense privilege (also known as common-interest doctrine), the work-product doctrine or any other privilege.

Defendant reserves the right to amend and supplement this response before or during the time of trial.

24. Provide documentation of all payments made from HovSat or the Village Mall either to Shant Hovnanian or paid on his behalf from January 1, 2014, to the present. This should include Shant Hovnanian's request for the payment, proof that the payment was made (such as a check, wire transfer, or money order), the Trustee's authorization of the payment, any consideration given in return for the payment, and documentation showing the reasons for the payment. Provide all documents showing how these payments were reported to the Internal Revenue Service.

**Response:**

The Trustee does not have any responsive records.

Defendant reserves the right to amend and supplement this response before or during the time of trial.

Dated: 9/3/2020

John M. Hanamirian, Esq.
NJ Attorney I.D. #002861992
**HANAMIRIAN LAW FIRM, P.C.**
40 East Main Street
Moorestown, NJ 08057
Telephone: (856) 793-9092
Facsimile: (856) 793-9121
jmh@hanamirian.com
*Attorney for Defendant*
*VSHPHH Trust*

5

## CERTIFICATION

I hereby certify that the foregoing documents provided are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for Contempt of Court.

Dated: 9/3/2020

_____
Nina C. Hovnanian

## CERTIFICATE OF SERVICE

I, John M. Hanamirian, Esquire, hereby certify that on the 3rd day of September, 2020, I caused a true and correct copy of Defendant VSHPHH Trust's Second Set of Objections And Responses To Plaintiff's Second Set Of Requests For Production of Documents to be served via electronic mail to the following:

Ari D. Kunofsky, Trial Attorney
United States Department of Justice
Civil Trial Section, Eastern Region
P.O. Box 227
Washington, D.C. 20044
Ari.D.Kunofsky@usdoj.gov
*Attorneys for United States of America*

William N. Aumenta
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 275
Morristown, NJ 07962-2075
waumenta@mdmc-law.com
*Attorneys for Ulysses Asset Sub II, LLC*

David Clark
Gluck Walrath, LLP
4 Paragon Way, Suite 400
Freehold, NJ 07728
DClark@glucklaw.com
*Attorneys for Township of Howell*

Linda S. Fossi
Gary C. Zeitz, LLC
1101 Laurel Oak Road, Suite 170
Voorhees, NJ 08043
lfossi@zeitzlawfirm.com
*Attorneys for MTAG Services, LLC*

Dated: 9/3/2020

By: _____
John M. Hanamirian, Esq.
*Attorney for VSHPHH Trust*