ARI D. KUNOFSKY
JOSHUA D. ZIMBERG
Trial Attorneys, Tax Division
PO Box 227
Washington, DC 20044
Tel. (202) 353-9187
Fax. (202) 514-6866
Ari.D.Kunofsky@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18-cv-15099-ZNQ-LHG ) |
| SHANT HOVNANIAN, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER OF SALE AS TO THE 1 DAG HAMMARSKJOLD PROPERTY

This matter has come before the Court upon the United States of America's motion for partial summary judgment. For good cause shown, it is hereby

ORDERED ADJUDGED and DECREED as follows:

1. The real property located at 1 Dag Hammarskjold Boulevard, Freehold, New Jersey (the "Property") is ordered sold pursuant to 26 U.S.C. § 7403. The Property is further identified on the Middletown Township tax map as Block 143, Lot 25.04. The Property may be sold as a single parcel or in multiple parcels, and any improvements, structures, or buildings situated on the Property may be sold as part of the Property or separately, as appropriate, provided any such sale does not interfere with the rights, title, interests, and operations of the holders of the easement and /or leasehold interests, as defined below.

17830578.1

2. The Internal Revenue Service Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Property.

3. **Terms and Conditions:** The terms and conditions of the sale are as follows:

a. This sale will be free and clear of all other interests of all parties to this action

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, including valid leases, if any.

*Sale location*

c. The sale of the Property shall be held either on the Property's premises or at the courthouse of Monmouth County, New Jersey;

*Notice of Sale*

d. The PALS shall announce the date and time for the sale;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Monmouth Count, New Jersey, and by any other notice PALS deems appropriate. The notice shall contain an adequate description of the Property, but need not contain the full legal description, and shall contain the terms and conditions of sale set forth in this Order of Sale.

*Minimum Bid*

f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions of this Order of Sale, hold a new public sale, and may reduce the minimum bid;

*Payment of Deposit and Balance*

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the "United States District Court for the District of New Jersey," a deposit in an amount between 5% and 20% of the minimum bid, as specified by the PALS in the published notice of sale. Before being permitted to bid at the sale, potential bidders shall show the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this Order of Sale;

h. The successful bidder(s) shall pay the balance of the purchase price for the Property within 45 days following the date of the sale. The certified or cashier's check payable to the "United States District Court for the District of New Jersey" shall be given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied at the discretion of the IRS to the liabilities of Shant Hovnanian at issue herein. The Property shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second highest bidder, at the sole discretion of the United States;

i. The Clerk of the District Court is directed to accept the deposit and balance of the sale proceeds and deposit them into the Court's registry for distribution pursuant to further order of this Court;

*Confirmation of Sale*

j. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver its deed conveying the Property

to the purchaser. On confirmation of the sale, and with the exception of those set forth in section 3(b) above, all interests in, liens against, or claims to the Property that are held or asserted by all parties to this action are discharged and extinguished;

k. When this Court confirms the sale, the Register of Deeds for Monmouth County, New Jersey, shall cause the transfer of the Property to be reflected upon the county's register of title. The successful bidder(s) at the sale shall pay, in addition to the amount of the bid, any documentary stamps, and any other fees charged by the Register of Deeds as provided by law;

4. **Redemption:** The sale of the Property is ordered pursuant to 26 U.S.C. § 7403 and is made without right of redemption.

5. **Preservation of the Property**: Until the Property is sold, Defendants Shant Hovnanian and Nina Hovnanian shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures, and appurtenances on each property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. No party shall commit waste against the Property, or cause or permit anyone else to do so. No party shall do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. No party shall record any instrument, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

6. **Vacating the Property:** PALS may, in its discretion, demand and require any or all persons occupying the Property and not holding a valid lease to vacate the property within 30 days after providing notice by either posting such demand or giving it such person(s), each shall

then take with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to vacate the Property after 30 days notice, PALS is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order of Sale. The United States Marshals Service is further authorized and directed to arrest or evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with this Order of Sale.

7. **Abandoned Personal Property:** Any personal property remaining on the Property 30 days after the notice to vacate shall be deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to the parties as directed by the Court. Checks for the purchase of personal property shall be made out to the "Clerk of District Court for the District of New Jersey," and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

8. **PALS' Access to the Property:** Pending the sale of the Property and until confirmation of sale, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

17830578.1

9. **Distribution of Sale Proceeds:**  After the Court confirms the sale of the Property, absent any showing to the contrary, the sale proceeds deposited with the Clerk of this Court shall be distributed in the following order of priority:

a. First, to the United States Treasury, for the expenses of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by the Court, as well as all other costs and expenses of sale;

b. Second, to the Treasurer of Monmouth County and Township of Howell for real property taxes and other local assessments due and owing, if any, in accordance with 26 U.S.C. § 6323;

c. Third, to the United States of America up to the federal tax liabilities due and owing by Shant Hovnanian for tax years 2002, 2003, 2004, and 2007 to be applied at the discretion of the United States; and

e. Fourth, any remaining proceeds to Shant Hovnanian.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed this _____ day of _____, 2022,

> _____
> UNITED STATES DISTRICT JUDGE

17830578.1