```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
```
-----------------------------------------------------

UNITED STATES OF AMERICA,                     :
                                              :
       Plaintiff.                             :    Civil Action No.: 18-15099 (ZNQ)(LHG)
                                              :
                                              :
v.                                            :
                                              :
SHANT HOVNANIAN, et al.                       :
                                              :
       Defendants.                            :

-----------------------------------------------------

**DECLARATION OF NINA HOVNANIAN, TRUSTEE OF THE VSHPHH TRUST, IN SUPPORT OF THE OPPOSITION TO PLAINTIFF UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT VSHPHH TRUST**

Pursuant to 28 U.S.C. §1746, I, Nina Hovnanian, declare under perjury that:

1. I am the Trustee of Defendant VSHPHH Trust ("VSHPHH" and/or "Defendant"). I respectfully submit this Declaration in support of the Opposition to Plaintiff United States' Motion for Partial Summary Judgment Against Defendant VSHPHH Trust.

2. I, Nina Hovnanian, am the daughter of Vahak and Paris Hasmig Hovnanian and the sister of Mr. Shant Hovnanian.

3. I am the current trustee of the Pachava Asset Trust and the VSHPHH Trust (sometimes hereinafter referred to as the "Trusts"). My predecessors in that role included my former sister-in-law and my cousin. At one time, I served as co-trustee of the VSHPHH Trust with Shant.

4. I work with my family's bookkeeper to maintain and administer the Pachava Asset Trust and the VSHPHH Trust. That bookkeeper, Karen Gandolfo, has worked with my family in their home construction business for nearly thirty (30) years.

5. The Hovnanian family of builders began their business as an effort to provide value to potential homeowners in the mid-priced real estate marketplace. The Hovnanian brothers, my father and uncles, are first generation immigrants from Baghdad, Iraq, and each of the brothers

escaped the Armenian Genocide in 1915 and made a life in the United States. We are a very close family. This matters because it matters, but also to allow the Court to understand that the real property held by the VSHPHH Trust was intended to be passed on to my parents', Vahak and Paris Hasmig Hovnanian, grandchildren and that the objective of any transfers to trust was to accomplish assurances that the grandchildren would be provided for in their estate planning.

6. In furtherance of their estate planning objectives to equalize assets to maximize the use of the unified credit and to provide for their grandchildren, on January 1, 2015, my parents, Vahak S. Hovnanian and Paris H. Hovnanian a/k/a Paris H. Hovnanian, transferred title to the real property located at 1 Dag Hammarskjold Boulevard, Freehold, New Jersey to the VSHPHH Trust, which was recorded on January 31, 2015. (Exhibit "A").

7. The VSHPHH Trust has not conveyed any legal or equitable title to the real property located at 1 Dag Hammarskjold Boulevard, Freehold, New Jersey to any other individual, individuals, or legal entity since July 1, 2015.

8. The United States filed and refiled several notices of federal tax liens that were recorded in the Office of the County Clerk of Monmouth County against Shant for his purported unpaid federal income taxes as follows:

   a. On January 16, 2018, a Notice of a Federal Tax Lien was filed and recorded in the Monmouth County Clerk's Office against the "Shant S. Hovnanian Asset Trust, as nominee of Shant Hovnanian", Serial No.: 271810382, attaching to the real property located at 520 Navesink River Road, Middletown, New Jersey, regarding the tax periods ended December 31, 2002, December 31, 2003, December 31, 2004, and December 31, 2007, in the amount of $14,243,835.86;

   b. On January 16, 2018, a Notice of a Federal Tax Lien was filed and recorded in the Monmouth County Clerk's Office against the "Pachava Asset Trust, as nominee of

2

Shant Hovnanian", Serial No.: 271810381, attaching to the real property located at 520 Navesink River Road, Middletown, New Jersey, regarding the tax periods ended December 31, 2002, December 31, 2003, December 31, 2004, and December 31, 2007, in the amount of $14,243,835.86;

    c. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on September 26, 2018;

    d. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2018;

    e. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 12, 2018;

    f. On September 11, 2019, a Notice of Federal Tax Lien Refile was prepared but only with respect to the tax period ended December 31, 2007, in the amount of $18,452.57. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2019;

9. On January 16, 2018, a Notice of a Federal Tax Lien was filed and recorded in the Monmouth County Clerk's Office against the "VSHPHH Trust, as Nominee of Shant Hovnanian", Serial No.: 271810383, attaching to the real property located at 1 Dag Hammarskjold Boulevard,

Howell Township, New Jersey, regarding the tax periods ended December 31, 2002, December 31, 2003, December 31, 2004, and December 31, 2007, in the amount of $14,243,835.86:

    a. September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on September 26, 2018;

    b. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2018;

    c. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 12, 2018;

    d. On September 11, 2019, a Notice of Federal Tax Lien Refile was prepared but only with respect to the tax period ended December 31, 2007, in the amount of $18,452.57. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2019;

10.    On January 16, 2018, a Notice of a Federal Tax Lien was filed and recorded in the Monmouth County Clerk's Office against the "VSHPHH Trust, as Nominee of Shant Hovnanian", Serial No.: 271810384, attaching to certain real property located at 124 Wemrock Road, Freehold Township, New Jersey, regarding the tax periods ended December 31, 2002, December 31, 2003, December 31, 2004, and December 31, 2007, in the amount of $14,243,835.86:

4

    a. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on September 26, 2018;

    b. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2018;

    c. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 12, 2018;

    d. On September 11, 2019, a Notice of Federal Tax Lien Refile was prepared but only with respect to the tax period ended December 31, 2007, in the amount of $18,452.57. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2019;

11. On January 16, 2018, a Notice of a Federal Tax Lien was filed and recorded in the Monmouth County Clerk's Office against the "VSHPHH Trust, as Nominee of Shant Hovnanian", Serial No.: 271810385, attaching to the real property located at 7 Highway 33, Manalapan Township, New Jersey, regarding the tax periods ended December 31, 2002, December 31, 2003, December 31, 2004, and December 31, 2007, in the amount of $14,243,835.86;

    a. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in

   the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on September 26, 2018;

 b. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2018;

 c. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 12, 2018;

 d. On September 11, 2019, a Notice of Federal Tax Lien Refile was prepared but only with respect to the tax period ended December 31, 2007, in the amount of $18,452.57. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2019;

12.  On January 16, 2018, a Notice of a Federal Tax Lien was filed and recorded in the Monmouth County Clerk's Office against the "VSHPHH Trust, as Nominee of Shant Hovnanian", Serial No.: 271810386, attaching to the real property located at Shafto Road, Borough of Tinton Falls, New Jersey, regarding the tax periods ended December 31, 2002, December 31, 2003, December 31, 2004, and December 31, 2007, in the amount of $14,243,835.86:

 a. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on September 26, 2018;

    b. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2018;

    c. On September 25, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 12, 2018;

    d. On September 11, 2019, a Notice of Federal Tax Lien Refile was prepared but only with respect to the tax period ended December 31, 2007, in the amount of $18,452.57. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2019;

13. On January 16, 2018, a Notice of a Federal Tax Lien was filed and recorded in the Monmouth County Clerk's Office against the "VSHPHH Trust, as Nominee of Shant Hovnanian", Serial No.: 271810389, attaching to the real property located at Wyckoff Mills Road, Howell Township, New Jersey, regarding the tax periods ended December 31, 2002, December 31, 2003, December 31, 2004, and December 31, 2007, in the amount of $14,243,835.86;

    a. On October 2, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 4, 2018;

    b. On October 2, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the

7

amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 10, 2018;

14. On May 3, 2018, a Notice of a Federal Tax Lien was filed and recorded in the Monmouth County Clerk's Office against the "VSHPHH Trust, as Nominee of Shant Hovnanian", Serial No.: 271810479, attaching to any interest in VEC Realty LLC, regarding the tax periods ended December 31, 2002, December 31, 2003, December 31, 2004, and December 31, 2007, in the amount of $14,244,335.86:

    a. On October 2, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 4, 2018;

    b. On October 2, 2018, a Notice of a Federal Tax Lien Refile was prepared but only with respect to the tax periods ended December 31, 2002, and December 31, 2003, in the amount of $11,276,611.01. That Notice was recorded in the Monmouth County Clerk's Office on October 10, 2018; and

    c. On September 11, 2019, a Notice of Federal Tax Lien Refile was prepared but only with respect to the tax period ended December 31, 2007, in the amount of $18,452.57. That Notice was recorded in the Monmouth County Clerk's Office on October 1, 2019.

15. On October 18, 2018, the IRS filed the within Complaint seeking to validate the Nominee Liens (Dkt. 1).

16. Agent Michael MacGillivray of the IRS prepared a report and provided testimony surrounding the IRS collection efforts as against Shant. (Exhibit "B").

17. The IRS did not seek to collect from Shant through the "usual" methods of bank and

8

investment account levies or other collection efforts, but rather immediately sought to impose the Nominee Liens. (MacGillivray Dep. 46:8-47:8; Exhibit "C".) Likewise, the IRS did not even try to seek out Shant's testimony and sought to affirmatively preclude it. (Dkt. 89).

18. Agent MacGillivray's Report states that the IRS was aware of the transfers of the real properties located at 520 Navesink River Road ("Navesink House") and 1 Dag Hammarskjold Boulevard ("Office Complex") as early as June 2013:

> *Indications are that TP's master file address, (1 Dag Hammarskjold Plaza, Freehold, New Jersey), is a business office for his family's business. (Hovnanian Builders) . It appears that TP and his spouse reside at 520 Navesink River Road, Red Bank, New Jersey.*
>
> *The taxpayer's father, Vahak S. Hovnanian, transferred the property at 520 Navesink River Road, Red Bank, New Jersey to the taxpayer's mother for $1.00 on 09/28/2007. The taxpayer's mother, Paris Hasmig Hovnanian, transferred the property to The Shant S. Hovnanian Asset Trust for $1.00 on 06/21/2011. This trust transferred the property to Pachava Asset Trust for $1.00 on 12/16/2011. This deed indicates that The Shant S. Hovnanian Asset Trust had changed its name to Pachava Asset Trust.*

(Exhibit "C" at pg. 3.)

19. Agent MacGillivray's Report also demonstrates that the IRS knew and understood that Shant was not present at the Properties:

> *ATTEMPTED CONTACT TAXPAYER*
>
> *RESULTS: FV to 1 Dag Hammarskjold Blvd, Howell Township, New Jersey. Shant Hovnanian's business office.*
>
> *The doors to the main building were locked. RO gained access to the main building through the office of Jerry Hillman, CPA RO asked an African American woman if Shant Hovnanian was present. She seemed to not know him. She said "Isn't he the manager or something." She instructed RO to go through a door to the rights to gain access to the main building. RO entered the main building to find all of the lights off. RO looked on the first floor and the second floor. All doors were locked and all lights were off. Shant Hovnanian and/or his secretary were not present. There was an access door to J Vero Associates. RO knocked on the door. A woman came to the door. (RO thinks this is J*

> *Vero). RO asked if Shant Hovnanian was present. She stated that she does not remember the last tome [sic] that she saw Shant Hovnanian. RO left.*
>
> *ACTION DATE: 03/20/2018       SYSTEM DATE: 03/20/2018 CONTACT: FIELD    CREATE ID: 21013529*
>
> *ATTEMPTED CONTACT*
>
> *ATTEMPTED CONTACT - TAXPAYER*
>
> *RESULTS: FV to 520 Navesink River Road Middletown Township New Jersey Afternoon*
>
> *As RO drove up the driveway it was apparent that the Range Rover had been moved. RO drove up near the front door and young man was visible walking around the house with black dog. He walked toward RO's vehicle. RO exited his vehicle and walked toward him. RO asked if he is Shant Hovnanian's son Vahak Hovnanian? He conformed [sic] that he is Shant Hovnanian's son, Vahak Hovnanian. (Note: Vahak Hovnanian is known to be 21 years old). RO asked if Shant Hovnanian was available. He stated that Shant Hovnanian is not presen.t Shant Hovnanian is currently in Armenia. Shant Hovnanian will return in approximately 1 week. RO handed two envelopes to Vahak Hovnanian and RO's business card:*

(Exhibit "B" at pg 315 to 316).

20. Jessica L. Hollobaugh prepared an expert report and provided testimony on behalf of the IRS. That report and the related testimony are both littered with legal conclusions admittedly outside of the scope of Ms. Hollobaugh's expertise. That expert report in accounting concludes that the bookkeeping for the Trusts was, as one might expect with family matters, not maintained with all of the formalities that may normally be associated with recordkeeping where a third-party is involved. Here, it was all my family.

21. Ms. Hollobaugh, during her deposition, admitted that family-owned businesses accounts are typically less formal than companies of a larger size or owned by strangers. (Hollobaugh Dep., 14:11-22; Exhibit "D".)

22. The IRS sought my testimony, the current trustee of the Trusts, but not someone who

10

had familiarity or knowledge with respect to the transfer of the Properties to the Trusts. They also chose to not seek out the testimony of whom these alleged tax liabilities attach.

23. My parents, Vahak and Paris Hasmig Hovnanian, passed away before the Complaint was filed.

24. Shant was available for deposition testimony, but the IRS concluded that it was too much trouble to seek his testimony in Armenia, potentially having to invoke the Hague Convention.

25. The foregoing is true despite web-based interactions having become a part of everyday life.

26. The "Pachava" in the name "Pachava Asset Trust" is an acronym reflecting the first initial of the first names of both grandparents and each respective grandchild's name; Vahak, Paris and Charentz Hovnanian.

27. The Nominee Liens affect the ownership interests of the Trusts, create a cloud on the chain of title, and render the title to the Properties potentially unmarketable by the Trusts.

28. The IRS has tried to collect tax debts against Defendant Shant, but apparently has been unsuccessful.

29. Plaintiff now seeks to collect the purported tax debt of Shant from third parties, including, inter alia, Defendant VSHPHH Trust.

30. Plaintiff claims that the Trust is a mere alter ego of Shant, or, alternatively, a mere nominee holding property that in fact belongs to Shant. Plaintiff has made similar claims against several other third parties. The Plaintiff has also chosen to seek out third party testimony rather than Shant's testimony.

31. In its pleadings and correspondence with the Court to date, the IRS sets forth that the conveyances from my parents, Vahak and Paris Hasmig Hovnanian, were fraudulent as to the IRS in that they were done at a time when Shant owed federal income taxes and were potentially made

without adequate consideration and rendered Shant insolvent, and/or they were made to hinder, delay, or defraud the United States. Therefore, the conveyances can be set aside as fraudulent.

32. In addition, the IRS alleges that the Trusts hold the Properties as nominees or as the alter ego of Shant.

33. The Complaint itself contains a key admission, namely that the 1 Dag Hammarskjold Boulevard property was not contributed to the VSHPHH Trust by Shant, but was instead contributed by my father and mother.

34. In addition, the IRS claims are undermined by the very trust agreement that created the VSHPHH Trust ("Trust Agreement"), a document that shows that the Trust was established long before some of Shant's tax liabilities arose (which the Complaint nor any other communication bothers to mention), that Shant was never a beneficiary of the VSHPHH Trust (which the Complaint also omits), and that the VSHPHH Trust is irrevocable and could not be undone by Shant. (Exhibit "E".)

35. Next, the allegations in the Complaint, pleadings and the documents produced in this case regarding Shant's use of the property at issue are irrelevant or insufficient to establish either alter ego or nominee liability.

36. The applicable law with respect to nominee or alter ego liability presupposes that the transferee is the nominee or alter ego of the transferor. That is not this case. In this case, the transferors are my parents, Vahak Hovnanian and Paris Hasmig Hovnanian.

37. The IRS attempt to impose a nominee or alter ego liability analysis and to present claims against Shant in the Complaint are based upon an analysis of Shant and his relationship with the Trusts, but he is not the proper focus for that purpose.

38. Rather, it must be the transferor that is attempting to escape liability through a transfer to a nominee or an alter ego. There are no allegations that either my father or mother, Vahak or Paris

Hasmig Hovnanian, the transferors, had an objective in transferring assets other than advancing estate planning.

39. If my parents, Vahak and/or Paris Hasmig Hovnanian, were attempting to conceal their own assets or insulate Shant from his purported tax liability, they simply would not have transferred the assets to the Trusts.

40. There was no urgency to transfer assets as some of the transfers took place many years apart. Further, neither Vahak nor Paris Hasmig Hovnanian achieved any immediate economic or other benefit from the transfers and, by making the transfers, they exposed their son to the claims identified herein when doing nothing would have insulated their son.

41. Given the foregoing, Plaintiff's alter ego and nominee claims against the Trusts are unsustainable.

I declare and certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 6/6/2022

By: Nina Hovnanian
*Trustee of the VSHPHH Trust*

14