BEATRIZ T. SAIZ
JOSHUA D. ZIMBERG
Trial Attorneys, Tax Division
U.S. Department of Justice
PO Box 227
Washington, DC 20044
Tel. (202) 307-6585
Fax (202) 514-6866
Beatriz.T.Saiz@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANT HOVNANIAN,<br><br>PETER HOVNANIAN,<br>in his capacity as trustee for the<br>Pachava Asset Trust,<br><br>NINA HOVNANIAN,<br>both in her individual capacity and as<br>as trustee for the VSHPHH Trust,<br><br>ADELPHIA WATER COMPANY, INC.,<br><br>MTAG SERVICES, LLC,<br><br>ULYSSES ASSET SUB II, LLC,<br><br>TOWNSHIP OF HOWELL,<br><br>VAPACHA, LLC<br><br>Defendants. | Case No. 18-cv-15099-AET-LHG |

-1-

# SUPPLEMENTAL COMPLAINT FOR FEDERAL TAXES

PLAINTIFF, the United States of America, at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of Treasury, and at the direction of the Attorney General of the United States, seeks to: (1) reduce to judgment the income tax assessments made against Defendant Shant Hovnanian for the 2002 through 2004 and 2007 tax years; (2) declare that the Pachava Asset Trust, VSHPHH Trust, and Adelphia Water Company, Inc., are nominees of Shant Hovnanian; and (3) foreclose on the real property held by those entities.

## JURISDICTION & VENUE

1. Jurisdiction over this action is conferred upon this court by virtue of 28 U.S.C. §§ 1331, 1340 and 1345, and 26 U.S.C. § 7402(a), and 7403.

2. Venue is proper in this district and division under 28 U.S.C. §§ 1391 and 1396.

## PARTIES

3. The plaintiff is the United States of America.

4. Defendant Shant Hovnanian resides in Monmouth County, New Jersey, which is within the jurisdiction of this Court.

5. Defendant Peter Hovnanian is the trustee of the Pachava Asset Trust, which holds bare legal title to the property commonly known as 520 Navesink River Road, Middletown Township, New Jersey.

6. Defendant MTAG Services, LLC, may claim an interest in the 520 Navesink River Road property.

7. Defendant Nina Hovnanian is the trustee of the VSHPHH Trust. The VSHPHH Trust holds bare legal title to the Village Mall property, which is located at 1 Dag Hammarskjold Boulevard, Freehold, New Jersey.

8. Adelphia Water Company, Inc., holds bare legal title to the property commonly known as 572 Wyckoff Mills Road, Freehold, New Jersey.

9. Defendant Nina Hovnanian may individually claim an interest in the 572 Wyckoff Mills Road property.

10. Defendant Ulysses Asset Sub, II, LLC, may claim an interest in the 572 Wyckoff Mills Road property.

11. Defendant Township of Howell may claim an interest in the 572 Wyckoff Mills Road property.

12. Defendant Vapacha, LLC, may claim an interest in the 520 Navesink River Road property.

13. The 520 Navesink River Road property, the Village Mall property, and the 572 Wyckoff Mills Road property, and are all located within the jurisdiction of this Court.

## COUNT I
## REDUCE INCOME TAX ASSESSMENTS TO JUDGMENT

14. The United States incorporates paragraphs 1 through 13, of the Complaint as if fully set forth herein.

15. A delegate of the Secretary of the Treasury made the following federal income tax (Form 1040) assessments against Shant Hovnanian for the tax periods identified below:

| Tax Period | Date of Assessment | Amount of Tax Assessment | Balance as of September 30, 2018 |
|---|---|---|---|
| 2002 | 10/22/2008<br>2/13/2013 | $3,914,430<br>241,764 | $12,274,759 |
| 2003 | 10/22/2008 | $7,964 | $840,528 |

|      | 2/13/2013 | $309,108 |            |
|------|-----------|----------|------------|
| 2004 | 2/13/2013 | $983,773 | $3,074,834 |
| 2007 | 3/29/2010 | $11,223  | $19,268    |
|      |           | **Total** | **$16,209,389** |

16.     Notice and demand for the payment of the tax assessments described in paragraph 15, above, was given to Shant Hovnanian.

17.     Interest and statutory additions to tax have accrued, and will continue to accrue, on the unpaid balance of the federal income tax assessments described in paragraph 15, above, until paid in full.

18.     Shant Hovnanian has failed to pay the full amounts of the federal income tax liabilities due and owing, and there remains due and owing to the United States the sum of $16,209,389 as of September 30, 2018, plus interest and statutory additions accruing after those dates according to law.

WHEREFORE, the United States requests:

A.      That the Court enter judgment in favor of the United States and against Shant Hovnanian for income tax liabilities for tax years 2002, 2003, 2004, and 2007 in the amount of $16,209,389 as of September 30, 2018, together with all interest and statutory additions that have accrued and will continue accruing thereafter according to law.

## COUNT II
### DECLARE THAT THE PACHAVA ASSET TRUST IS THE NOMINEE OR ALTER EGO OF SHANT HOVNANIAN

19.     The United States incorporates paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20.     On June 21, 2011, Shant Hovnanian's mother transferred the property commonly known as 520 Navesink River Road, Middletown Township (Block 1043, Lot 67.02), to the

Shant S. Hovnanian Asset Trust for nominal consideration. This property is a mansion located between the Navesink Country Club and the Navesink River.

21. On October 11, 2011, the Shant S. Hovnanian Asset Trust changed its name to the Pachava Asset Trust. On December 16, 2011, the Shant S. Hovnanian Asset Trust filed a "corrective deed" purporting to transfer the property to the Pachava Asset Trust for nominal consideration.

22. The transfer to the Pachava Asset Trust, rather than to Shant Hovnanian directly, was an attempt to avoid encumbering the property with the federal tax liens, which attached to all of Shant Hovnanian's property and rights to property. 26 U.S.C. § 6321.

23. The Pachava Asset Trust holds bare legal title to the 520 Navesink River Road property. Shant Hovnanian is the true and equitable owner of the property.

24. Shant Hovnanian enjoys the benefits of owning the 520 Navesink River Road property. Shant Hovnanian resides in this property, and he receives his mail at this address.

25. Shant Hovnanian also bears the burdens of ownership. He pays the municipal taxes associated with the property from bank accounts under his control.

26. He also pays the utility bills associated with the 520 Navesink River Road property, including the natural gas, water, and electrical bills from bank accounts under his control.

27. Shant Hovnanian has taken steps to hide his ownership of the 520 Navesink River Road property. He reported to an Internal Revenue Officer that he does not reside at that property. He asserts instead that he lives at Village Mall, which is an office building that is not zoned for residential use. In addition, he has also kept utility bills listed in his deceased father's name, rather than in his own name or the Pachava Asset Trust.

28. Accordingly, the Pachava Asset Trust is the nominee or alter ego of Shant Hovnanian.

WHEREFORE, the United States requests:

B. that the Court decree that Defendant Pachava Asset Trust is the nominee of Shant Hovnanian, and thus Shant Hovnanian is the true and equitable owner of the property commonly known as 520 Navesink River Road, Middletown Township.

## COUNT III
## DECLARE THAT THE VSHPHH TRUST IS THE NOMINEE OR ALTER EGO OF SHANT HOVNANIAN

29. The United States incorporates paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Shant Hovnanian's parents settled the VSHPHH Trust on December 28, 2012. Defendant Shant Hovnanian and his sister, Defendant Nina Hovnanian, were named as co-trustees. Shant's and Nina's children are the beneficiaries of the VSHPHH Trust.

31. Defendant Nina Hovnanian recently represented to the IRS that Shant Hovnanian is no longer a trustee of the VSHPHH Trust. Thus, Nina Hovnanian is the only trustee, and Shant Hovnanian has no formal role with the VSHPHH Trust. He has not right to take income from the VSHPHH Trust and no obligation to pay the Trust's expenses.

32. On January 1, 2015, Shant Hovanian's parents transferred ownership of the Village Mall property, which is commonly known as 1 Dag Hammarskjold Boulevard, Freehold, New Jersey (Block 143, Lot 25.04) to the VSHPHH Trust. The Village Mall property is an office building with several rented units.

33. The transfer to the VSHPHH Trust, rather than to Shant Hovnanian directly, was an attempt to avoid encumbering the property with the federal tax liens, which attached to all of Shant Hovnanian's property and rights to property.

34. Shant Hovnanian enjoys the benefit of ownership of the property. He receives the rental income from this property through a company under his control.

35. Shant Hovnanian also carries the burden of ownership. He has paid municipal taxes and utility bills associated with the Village Mall property from bank accounts under his control.

36. Shant Hovnanian has attempted to hide his ownership of the Village Mall property. Even after the transfer from his parents to the VSHPHH Trust, Shant Hovnanian had the tenants make rent payments payable to his father (their previous landlord) through January of 2017. Shant Hovnanian's father, however, died on August 31, 2015. These checks were deposited in the bank account of a company under Shant Hovnanian's control, HovSat, Inc. In February of 2017, Shant Hovnanian instructed the tenants to pay rent directly to HovSat, Inc.

WHEREFORE, the United States requests:

C. that the Court decree that Defendant VSHPHH Trust is the nominee of Shant Hovnanian, and thus Shant Hovnanian is the true and equitable owner of the Village Mall property.

## COUNT IV
### DECLARE THAT ADELPHIA WATER COMPANY, INC. IS THE NOMINEE OR ALTER EGO OF SHANT HOVNANIAN

37. The United States incorporates paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. On September 29, 1978, Hovbilt, Inc., transferred the real property commonly knowns as 572 Wyckoff Mills Road, Howell Township, New Jersey (Block 143, Lot 26.01 and Block 143, Lot 26.01; Qual T01) to Adelphia Water Company, Inc., for $3,100. This property consists of a vacant building and a water tower that hosts a cellular tower.

39. Adelphia Water is a Hovnanian-controlled business. It has not filed a federal income tax return since 1999. In 1999, Adelphia Water listed Shant Hovnanian as owning a 25% interest in the corporation, his sister Nina owning a 25% interest, and their parents owning the remaining 50%.

40. Adelphia Water had its corporate charter revoked in 2012 after failing to file annual reports.

41. Because the Adelphia Water had its corporate charter revoked, Shant Hovnanian and Nina Hovnanian are now the owners of the corporate assets under New Jersey law, including the 572 Wyckoff Mills Road property.

42. Alternatively, Adelphia Water is the nominee or alter ego of Shant Hovnanian. Adelphia Water holds bare legal title to the 572 Wyckoff Mills Road property, and he is the true and equitable owner of the property.

43. Shant Hovnanian enjoy the benefits of ownership of the 572 Wyckoff Mills Road property. Shant Hovnanian manages the 572 Wyckoff Mills Road property. He also bears the burdens of ownership. A company under Shant Hovnanian's control (HovSat, Inc.) pays the

utility bills associated with the property, but the bills are charged to different companies, all of which are controlled by Shant Hovnanian.

WHEREFORE, the United States requests:

D. that the Court decree that Defendant Adelphia Water Company, Inc., is the nominee of Shant Hovnanian, and thus Shant Hovnanian is the true and equitable owners of Adelphia Water Company.

## COUNT V
## FORECLOSE FEDERAL TAX LIENS AGAINST THE REAL PROPERTIES

44. The United States incorporates paragraphs 1 through 43, above of the Complaint as if fully set forth herein.

45. A delegate of the Secretary of the Treasury of the United States made income tax assessments against Shant Hovnanian as described in paragraph 15, above.

46. Federal tax liens arose upon assessment of the income tax assessments described in paragraphs 15, above. These federal tax liens attached to all of the Shant Hovnanian's property and rights to property then owned or thereafter acquired.

47. Because the Pachava Asset Trust, VSHPHH Trust, and Adelphia Water Company are the nominees of Shant Hovnanian as explained more fully in Counts II, III, and IV, the United States' federal tax liens attach to the 520 Navesink Road property, the Village Mall property, and 572 Wyckoff Mills Road.

### A. 520 Navesink Road Property

48. On January 16, 2018, the United States filed a notice of federal tax lien in the Office of the County Clerk of Monmouth County against Shant Hovnanian for his unpaid federal income taxes, listing the Pachava Asset Trust as his nominee.

49. MTAG Service, LLC, may claim an interest in the 520 Navesink Road property by virtue of a certificate of tax lien sale for taxes owed in 2017 that was certificate number 17-00554, which was filed with the Office of the County Clerk of Monmouth County on March 2, 2018.

50. Vapacha, LLC, may claim an interest in the 520 Navesink Road property by virtue of an easement recorded in 2007. Nina Hovnanian stated the purpose of this easement was to give her access to the 520 Navesink River property over any objection from Shant Hovnanian or his family members.

51. Vapacha abandoned this easement when its charter was cancelled and not revived until 2019.

52. An abandoned easement cannot be revived. Rather a new easement must be created.

53. No new easement was granted to Vapacha.

54. A new easement would be later in time and subject to the federal tax liens on the property and rights to property of Hovnanian.

55. If the easement could be revived, the easement is subject to the federal tax liens on the property and rights to property of Shant Hovnanian. Revival cannot relate back to the original filing date to the detriment of the federal tax lien.

56. If the 520 Navesink River Road property is sold to a person who is not a family member of Shant Hovnanian, then the purpose of the Vapacha easement will no longer be served and the easement should be dissolved.

### B. Village Mall Property

57. On January 16, 2018, the United States filed a notice of federal tax lien in the Office of the County Clerk of Monmouth County against Shant Hovnanian, listing the VSHPHH Trust as his nominee.

### C. Adelphia Water Company, Inc.

58. On January 16, 2018, the United States filed a notice of federal tax lien in the Office of the County Clerk of Monmouth County against Shant Hovnanian, listing the Adelphia Water Company as his nominee.

59. Ulysses Asset Sub II, LLC, may claim an interest in the 572 Wyckoff Mills Road property.

60. The Township of Howell may claim an interest in the 572 Wyckoff Mills Road property by virtue of a certificate of tax lien sale for taxes owed in 2011 that was certificate number 20120199, which was filed with the Office of the County Clerk of Monmouth County on July 27, 2012.

61. Nina Hovnanian may claim an interest in the 572 Wyckoff Mills Road property.

WHEREFORE, the plaintiff, United States of America, prays:

E. That the Court order and adjudge that the United States of America has valid and subsisting federal tax liens against the property and rights to property owned by Defendant Shant Hovnanian, including his interest in the 520 Navesink Road property, the Village Mall property, 572 Wyckoff Mills Road property;

F. That the Court determine the respective interests of the parties in the 520 Navesink Road property, the Village Mall property, and the 572 Wyckoff Mills Road property;

G. That the Court order and adjudge that: the federal tax liens be foreclosed against

Defendant Shant Hovnanian's interest in the subject real property, and that the Real Property to be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the parties herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the interest of Shant Hovnanian be paid to the United States to be applied against his liabilities; and

      H. That this Court grant such other and further relief that is just and equitable.

//

//

//

## DESIGNATION UNDER LOCAL RULE OF CIVIL PROCEDURE 101.1(f)

In accordance with Local Rule of Civil Procedure 101.1(f), the undersigned designates the United States Attorney for the District of New Jersey to receive service of all notices or papers in this action at the following address:

Chief, Civil Division
United States Attorney's Office
District of New Jersey
970 Broad Street, Ste. 700
Newark, New Jersey 07102

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy alleged in the foregoing Complaint is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Date: November 2, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
JOSHUA D. ZIMBERG
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202)307-6585
Facsimile: (202) 514-6866
Email: Beatriz.T.Saiz@usdoj.gov

*Counsel for the United States*

CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of November, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                       */s Beatriz T. Saiz*
                                       BEATRIZ T. SAIZ
                                       Trial Attorney
                                       United States Department of Justice, Tax Division